# Exhibit 1

| | |
|---|---|
| EDWIN THIBODEAU, as Personal Representative of the Estate of ALAN R. THIBODEAU,<br><br>     Plaintiff,<br><br>v.<br><br>Southern Health Partners, Inc., et al.<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **AFFIDAVIT OF EXPERT WITNESS IN MEDICAL MALPRACTICE CASE**<br>**§§ 15-36-100, 15-79-125** |

I, Edward C. O'Bryan III, MD, being duly sworn depose and says:

1. I am a physician, licensed by the State of South Carolina and the appropriate regulatory agency having jurisdiction over the practice of my profession in the location in which I practice.

2. I am Board Certified by the American Board of Internal Medicine, a national association which administers written and/or oral examinations for certification in the area of practice and specialty about which this opinion on the standard of care is offered.

3. I have actual professional knowledge and experience in the specialty and area of practice in which this opinion is given, as a result of my having been regularly engaged in the active practice in the area of specialty and practice for at least three (3) of the last five (5) years immediately preceding this opinion.

4. This affidavit is made pursuant §15-36-100 of the 1976 SC Code of Laws, which requires that this affidavit must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

5. The evidence made available to me, for my review, prior to the making of this affidavit, include the records for Alan Thibodeau from Southern Health Partners, Inc., Lexington

County Coroner's Office, Bamberg Barnwell Medical Center, Bon Secours Southside Medical Center, Newberry Pathology Group, LLC, Lexington Medical Center, Medshore Ambulance, SC Department of Mental Health, and Bamberg County Sheriff's Office. Additionally, I anticipate the opportunity to review additional medical records and documents pertaining to this matter and reserve the right to supplement my opinion.

6. Through my education, training, and experience as set forth above, I am familiar with the applicable standard of care practiced by health care providers generally, including nurses, nurse practitioners, and physicians who practice medicine and evaluate adult patients in a detention center setting.

7. I have reviewed the records as submitted to me, and based upon my expertise, as set forth above, it is my opinion to a reasonable degree of medical certainty that the medical staff, including nurses and physicians, employed by and through Southern Health Partners working within the Bamberg County Detention Center committed the following negligent, grossly negligent, willful, wanton and/or reckless acts and/or omissions, which constituted a failure to comply with the appropriate standard of care:

   a. In failing to conduct a health assessment of Mr. Thibodeau;

   b. In failing to conduct a 14-day medical assessment;

   c. In failing to exercise reasonable or slight care to administer Mr. Thibideau's necessary prescription medications, including Trazadone, Depakote, Thorazine, Lipitor, Atarax, and Humalog;

   d. In failing to recognize Mr. Thibodeau's psychiatric decision making incompetence related to food refusal;

e. In failing to exercise reasonable or slight care to stabilize Mr. Thibodeau's psychiatric condition when he was noted to be actively psychotic for several months;

f. In failing to exercise reasonable or slight care to stabilize Mr. Thibodeau's acute psychiatric and medical condition and/or transfer him to a facility capable of treating him;

g. In failing to exercise reasonable or slight care to intervene when it was known that Mr. Thibodeau was refusing to eat and was obvious that he was experiencing extreme weight loss;

h. In failing to exercise reasonable or slight care to timely transfer Mr. Thibodeau to an emergency department or outside medical facility for advanced medical care in light of his obvious and well-known deteriorating physical and mental conditions;

i. In failing to exercise reasonable or slight care to provide treatment, including medications, for Mr. Thibodeau's documented diabetes;

j. In failing to evaluate Mr. Thibodeau after he was subjected to the utilization of force by correctional staff, including the use of a taser;

k. In failing to exercise reasonable or slight care to prevent and/or treat Mr. Thibodeau's extreme malnutrition with bitemporal wasting;

l. In failing to exercise reasonable or slight care to prevent and/or treat Mr. Thibodeau's dehydration;

m. In failing to exercise reasonable or slight care to prevent and/or treat Mr. Thibodeau's decubitus ulcer;

n. In failing to exercise reasonable or slight care to treat Mr. Thibodeau's thrombocytopenia, hypothermia, and hypoglycemia;

    o. In failing to exercise reasonable or slight care to treat Mr. Thibodeau's multiorgan failure;

    p. In failing to exercise reasonable or slight care to intervene whatsoever to provide any reasonable treatment for Mr. Thibodeau's declining health.

8. It is my opinion that Alan Thibodeau's deterioration, suffering, and death were proximately caused by the Defendants' gross deviations from the standard of care.

_____
Edward C. O'Bryan III, MD, MBA

SWORN TO before me this
11 day of JULY, 2023

_____(L.S.)
Notary Public for South Carolina
My commission expires: 2/7/2033