IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Edwin Thibodeau, as Personal Representative of the Estate of Alan R. Thibodeau,<br><br>Plaintiff,<br><br>vs.<br><br>Bamberg County, South Carolina; Southern Health Partners, Inc.; Robert J. Williams, M.D.; Geri Gillespie, LPN, in her individual capacity; Karen Hughes, LPN, in her individual capacity; Officer Billy Ray Coggins, in his individual capacity; Lt. Ashley Woods, in her individual capacity; Cpl. Patricia Hatton, in her individual capacity; and Cpt. Latarcha Wilson, in her individual capacity;  Officer KeShell Deloach, in her individual capacity; Sgt. Roy Brooks, in his individual; and Officer Alfonso Ross, in his individual capacity,<br><br>Defendants. | Case No.: 8:23-cv-06605-SAL-WSB<br><br>**ANSWER TO PLAINTIFF'S <u>THIRD</u> AMENDED COMPLAINT BY DEFENDANTS SOUTHERN HEALTH PARTNERS, INC., ROBERT J. WILLIAMS, M.D., GERI GILLESPIE, LPN, and KAREN HUGHES, LPN** |

**NOW COME** Defendants Southern Health Partners, Inc. ("SHP"), Robert J. Williams, M.D., ("Dr. Williams"), Geri Gillespie, LPN ("Nurse Gillespie") and Karen Hughes, LPN ("Nurse Hughes") (collectively, hereinafter, the "Medical Defendants") and answer the Plaintiff's Third Amended Complaint herein as follows:

**FOR A FIRST DEFENSE**

1. Each and every allegation of the Third Amended Complaint (and any attachments incorporated by reference thereto) not specifically and expressly admitted herein is denied.

**AS TO PARTIES**

2. The Medical Defendants admit so much of the allegations of Paragraphs 1 and 2 of

the Third Amended Complaint as alleges or may be construed to allege that, upon information and belief, Plaintiff is the duly appointed personal representative of the Estate of Alan R. Thibodeau and brings this action in his capacity as such.  The Decedent reported that his age was 51 years old at intake.   The Medical Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraphs 1 and 2 and, therefore, deny the same.

3. The Medical Defendants admit so much of the allegations of Paragraph 3 of the Third Amended Complaint as alleges or may be construed to allege that Bamberg County (the "County") is a political subdivision of the State of South Carolina and that the Bamberg County Detention Center (the "Detention Center") is a building that houses inmates.  The Medical Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 3 and, therefore, deny the same.

4. The Medical Defendants admit so much of the allegations of Paragraph 4 of the Third Amended Complaint as alleges or may be construed to allege SHP is a Delaware corporation with its principal place of business in Tennessee, which employs nurses and contracts with physicians and mid-level providers in South Carolina and other states, and pursuant to contract, provides medical services in contracted detention centers, including the Bamberg County Detention Center pursuant to a contract with the County.  Plaintiff's allegation that SHP "is liable for the acts and omissions of its agents, contractors, and employees under the theories of agency, respondeat superior, and non-delegable duty" states a legal conclusion which does not require a response.  To the extent a response is required, SHP craves reference to appropriate legal authorities for their meaning and denies any interpretation inconsistent therewith. Except as specifically admitted herein, the remaining allegations of Paragraph 4 are denied.

5. The Medical Defendants admit so much of Paragraph 5 of the Third Amended

Complaint as alleges or may be construed to allege that Dr. Williams is a physician licensed in the State of South Carolina and an independent contractor of SHP who was the medical director of the Detention Center during the Decedent's incarceration. Except as specifically admitted herein, the allegations of Paragraph 5 are denied.

6.    The Medical Defendants admit so much of the allegations of Paragraphs 6 and 7 of the Third Amended Complaint as alleges or may be construed to allege that Nurse Gillespie was employed as a nurse and Nurse Hughes was employed as a nurse by SHP and both are citizens and residents of South Carolina. The Medical Defendants further admit so much of the allegations of Paragraphs 6 and 7 as alleges or may be construed to allege that both nurses interacted with Alan R. Thibodeau (the "Decedent") during his incarceration in the Detention Center in the course and scope of their employment; and that SHP is a corporation that employs nurses and contracts with physicians and mid-level providers in South Carolina and other states and, pursuant to contract, provides medical services in contracted detention centers, including the Bamberg County Detention Center pursuant to a contract with the County. Plaintiff's allegation that Nurse Gillespie and Nurse Hughes were acting "under the color of state law" states a legal conclusion which does not require a response. To the extent a response is required, the Medical Defendants crave reference to appropriate legal authorities for their meaning and deny any interpretation inconsistent therewith. Except as specifically admitted herein, the remaining allegations of Paragraphs 6 and 7 are denied.

7.    The allegations of Paragraphs 8, 9, 10, 11, 12, 13 and 14 of the Third Amended Complaint are not directed against the Medical Defendants and, therefore, no response is required. To the extent a response is required, the Medical Defendants are informed and believe that Defendants Officer Billy Ray Coggins, Lt. Ashley Woods, Cpl. Patricia Hatton, Cpt. Latarcha

Wilson, Officer KeShell Deloach, Sgt. Roy Brooks and Officer Alfonso Ross likely worked at the Detention Center in differing capacities during the Decedent's incarceration. The remaining allegations of Paragraphs 8, 9, 10, 11, 12, 13 and 14 state legal conclusions which do not require a response. To the extent a response is required, the Medical Defendants crave reference to appropriate legal authorities for their meaning and deny any interpretation inconsistent therewith.

8.     Paragraphs 15 and 16 of the Third Amended Complaint do not state allegations requiring a response from the Medical Defendants. To the extent a response is required, the Medical Defendants admit the allegations of Paragraphs 15 and 16 upon information and belief. However, the Medical Defendants specifically deny the facts, opinions, and conclusions set forth in the affidavit and Rule 26 Report of Edward C. O'Bryan, M.D.

9.     Responding to Paragraph 17 of the Third Amended Complaint, while the Medial Defendants admit that the alleged acts/omissions giving rise the allegations contained in the Third Amended Complaint arise in Bamberg County, the Medical Defendants deny that venue is proper in the Orangeburg Division as Plaintiff suggests, as this action has been assigned to the Greenville Division.

**AS TO FACTS**

10.     The Medical Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraphs 18, 19, 20, 21, 22, 23 and 24 of the Third Amended Complaint and, therefore, deny the same.

11.     The Medical Defendants admit so much of the allegations of Paragraph 25 of the Third Amended Complaint as alleges or may be construed to allege that the Decedent was booked into the Detention Center on or about February 14, 2022 after being arrested for Burglary First Degree. With respect to the remaining allegations of Paragraph 25, the Medical Defendants lack

information sufficient to form a belief as to the truth or falsity of these allegations, but crave reference to any incident report or official record of the Decedent's arrest and deny any allegation inconsistent therewith in addition to denying the allegations of Paragraph 25 because of lack of knowledge.

12.   The allegations of Paragraph 26 of the Third Amended Complaint state legal conclusions which do not require a response.  To the extent a response is required, the Medical Defendants crave reference to appropriate legal authorities for their meaning and deny any interpretation inconsistent therewith.  The Medical Defendants further deny the allegations of Paragraph 26 to the extent they may be construed to allege that the Medical Defendants violated the Decedent's constitutional rights in any way.

13.   The Medical Defendants admit so much of the allegations of Paragraph 27 of the Third Amended Complaint as allege or may be construed to allege that the Detention Center complied with the Minimum Standards for Local Detention Centers and that SHP was responsible for providing health services to inmates at the Detention Center who required those services during the time period at issue pursuant to a contract with the County.  Except as specifically admitted herein, the Medical Defendants deny all remaining allegations of Paragraph 27, and specifically deny any allegations that may be construed to allege that the Medical Defendants provided inappropriate or inadequate medical care, evaluation, diagnosis, response or treatment.

14.   The Medical Defendants lack personal knowledge of the information set forth in the allegations of Paragraphs 28, 29 and 30 of the Third Amended Complaint.  However, there is a video of the hearing that has been reviewed.  In that hearing, the individuals identified are present along with others and no one informed the court about Decedent's medication.   Therefore, in response to the allegations, the Medical Defendants deny the allegations as being an incomplete

description of the events at that time.

15.     Responding to Paragraph 31 of the Third Amended Complaint, the Medical Defendants would show that they were not made aware of the Decedent's medications by the Decedent, his family or anyone else and therefore deny the allegations of Paragraph 31 to the extent they allege or may be construed to allege that the Decedent's family ever contacted medical staff, including Nurse Gillespie and Nurse Hughes or Dr. Williams, regarding the Decedent's medications.   As to the remaining allegations of Paragraph 31, the Medical Defendants lack information sufficient to form a belief as to the truth or falsity of these allegations, and, therefore, deny the same.

16.     Responding to Paragraphs 32, 33 and 34 of the Third Amended Complaint, the Medical Defendants crave reference to any medical record, including any mental health treatment and/or assessment, and all official records, including of any court hearing or order, and deny any allegation inconsistent therewith.

17.     The Medical Defendants admit so much of the allegations of Paragraph 35 of the Third Amended Complaint as alleges or may be construed to allege that the Decedent was booked into the Detention Center on or about February 14, 2022 and was transported to the Hospital on July 10, 2022.  Except as expressly admitted herein, the Medical Defendants deny the allegations of Paragraph 35 and specifically deny the allegations to the extent they allege or may be construed to allege that the Medical Defendants provided inappropriate or inadequate medical care, evaluation, diagnosis, response or treatment or violated the Decedent's constitutional rights in any way.

18.     The Medical Defendants deny Paragraphs 36, 37, 38, 39 and 40 of the Third Amended Complaint as they relate to the Medical Defendants.

19.     The allegations of Paragraph 41 of the Third Amended Complaint do not appear to be directed against the Medical Defendants. To the extent that they are directed against the Medical Defendants, the allegations are denied.

20.     The Medical Defendants deny Paragraph 42 of the Third Amended Complaint.

21.     With respect to Paragraphs 43, 44, 45, 46 and 47 of the Third Amended Complaint, the Medical Defendants would show that July 10, 2022 was a Sunday and that the Bamberg County contract with SHP did not provide onsite nursing coverage on weekends; therefore, there was no nursing presence at the jail on either July 9 or 10, 2022. As such, the Medical Defendants have no personal knowledge of the allegations contained in Paragraphs 43, 44, 45, 46 and 47 and deny the same. The Medical Defendants specifically deny the allegations of Paragraph 43, 44, 45, 46 and 47 to the extent they allege or may be construed to allege that any act or omission by any of the Medical Defendants with respect to the care or treatment of the Decedent was negligent or grossly negligent or that either Nurse Gillespie or Nurse Hughes acted in any way deliberately indifferent to any serious medical or mental health condition of the Decedent while he was incarcerated in the Detention Center.

22.     With respect to Paragraphs 48, 49, and 50 of the Third Amended Complaint, the Medical Defendants do not have personal knowledge of the autopsy for Decedent. As such, the Medical Defendants deny the allegations of Paragraphs 48, 49, and 50 and specifically deny the allegations of Paragraphs 48, 49 and 50 to the extent they allege or may be construed to allege that any act or omission by any of the Medical Defendants with respect to the care or treatment of the Decedent was negligent or grossly negligent or that either Nurse Gillespie or Nurse Hughes acted in any way deliberately indifferent to any serious medical or mental health condition of the Decedent while he was incarcerated in the Detention Center.

23. The Medical Defendants deny Paragraphs 51 and 52 of the Third Amended Complaint to the extent the allegations are directed against the Medical Defendants and specifically deny Paragraphs 51 and 52 to the extent they allege or may be construed to allege that any act or omission by any of the Medical Defendants with respect to the care or treatment of the Decedent was negligent or grossly negligent or that either Nurse Gillespie or Nurse Hughes acted in any way deliberately indifferent to any serious medical or mental health condition of the Decedent while he was incarcerated in the Detention Center.

24. The Medical Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53 of the Third Amended Complaint, and therefore, deny the same.

**AS TO THE FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT BAMBERG COUNTY**
*(Gross Negligence/ Survival)*

25. Responding to Paragraph 54 of the Third Amended Complaint, the Medical Defendants repeat, reallege and incorporate by reference their answers to the allegations of the Third Amended Complaint contained in Paragraphs 1 through 24 above.

26. The allegations of Paragraphs 55 (including subparts (a) through (x)), 56 and 57 of the Third Amended Complaint are not directed against the Medical Defendants and therefore no response is required from the Medical Defendants. To the extent a response is required, the Medical Defendants deny the allegations contained in Paragraphs 55 (including subparts (a) through (x)), 56 and 57.

**AS TO THE SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT BAMBERG COUNTY**
*(Gross Negligence/ Wrongful Death)*

27. Responding to Paragraph 58 of the Third Amended Complaint, the Medical

Defendants repeat, reallege and incorporate by reference their answers to the allegations of the Third Amended Complaint contained in Paragraphs 1 through 26 above.

28. Paragraph 59 of the Third Amended Complaint states legal conclusions to which no response is required.

29. The allegations of Paragraphs 60, 61 (including all subparts, (a) through (f)) and 62 of the Third Amended Complaint are not directed against the Medical Defendants and therefore no response is required from the Medical Defendants. To the extent a response is required, the Medical Defendants deny the allegations contained in Paragraphs 60, 61 (including sub-parts (a) through (f)) and 62.

### AS TO THE THIRD CAUSE OF ACTION
### AGAINST DEFENDANT SOUTHERN HEALTH PARTNERS, INC. AND ROBERT J. WILLIAMS, M.D.
*(Negligence/ Gross Negligence/ Medical Malpractice/ Survival)*

30. Responding to Paragraph 63 of the Third Amended Complaint, the Medical Defendants repeat, reallege, and incorporate by reference their answers to the allegation of the Third Amended Complaint contained in Paragraphs 1 through 29 above.

31. The Medical Defendants admit so much of Paragraph 64 of the Third Amended Complaint as alleges or may be construed to allege that SHP provided medical services at the Detention Center during the time period of the Third Amended Complaint pursuant to a contract with the County. Except as specifically admitted herein, the Medical Defendants deny Paragraph 64.

32. The Medical Defendants deny Paragraphs 65 (and all sub-parts a. through v.) and 66 of the Third Amended Complaint and demand strict proof thereof.

33. The Medical Defendants deny Paragraphs 67 and 68 of the Third Amended Complaint and specifically deny that Plaintiff is entitled to any relief of any type or nature from

the Medical Defendants.

### AS TO THE FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT SOUTHERN HEALTH PARTNERS, INC.
### AND DR. ROBERT J. WILLIAMS, M.D.
*(Negligence/ Gross Negligence/ Medical Malpractice/ Wrongful Death)*

34. Responding to Paragraph 69 of the Third Amended Complaint, the Medical Defendants repeat, reallege, and incorporate by reference their answers to the allegations of the Third Amended Complaint contained in Paragraphs 1 through 33 above.

35. Paragraph 70 of the Third Amended Complaint states legal conclusions to which no response is required.

36. The Medical Defendants deny Paragraph 71 of the Third Amended Complaint and demand strict proof thereof.

37. The Medical Defendants deny so much of Paragraph 72 (including all sub-parts (a) through (f)) of the Third Amended Complaint as alleges or may be construed to allege that any act/omission by any employee and/or contractor of SHP in any way caused the Decedent's premature death and demand strict proof thereof. The Medical Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 72 (including all sub-parts (a) through (f)), and, therefore, deny the same.

38. The Medical Defendants deny Paragraphs 73 and 74 of the Third Amended Complaint and specifically deny that Plaintiff is entitled to any relief of any type or nature from the Medical Defendants.

### AS TO THE FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS BILLY RAY COGGINS,
### LT. ASHLEY WOODS, CPL. PATRICIA HATTON, CPT. LATARCHA WILSON,
### OFFICER KESHELL DELOACH, SGT. ROY BROOKS
### AND OFFICER ALFONSO ROSS, *each in their individual capacities*
*(Violation of Federal Civil Rights 42 U.S.C. § 1983 – Violation of Due Process / Failure to Provide Medical Care for a Serious Medical Need / Cruel and Unusual Punishment)*

39. Responding to Paragraph 75 of the Third Amended Complaint, the Medical Defendants repeat, reallege, and incorporate by reference their answers to the allegations of the Third Amended Complaint contained in Paragraphs 1 through 38 above.

40. The allegations of Paragraphs 76, 77, 78, 79 (including all subparts, (a) through (k)), 80, 81, 82 and 83 of the Third Amended Complaint are not directed against the Medical Defendants and therefore no response is required from the Medical Defendants. To the extent a response is required, the Medical Defendants deny the allegations of Paragraphs 76, 77, 78, 79 (including sub-parts (a) through (k)), 80, 81, 82 and 83.

**AS TO THE SIXTH CAUSE OF ACTION
AGAINST DEFENDANTS KAREN HUGHES, LPN
AND GERI GILLESPIE, LPN,** *in their individual capacities*
*(Violation of Federal Civil Rights 42 U.S.C. § 1983 – Violation of Due Process/ Failure to Provide Medical Care for a Serious Medical Need/ Cruel and Unusual Punishment)*

41. Responding to Paragraph 84 of the Third Amended Complaint, the Medical Defendants repeat, reallege and incorporate by reference their answers to the allegations of the Third Amended Complaint contained in Paragraphs 1 through 40 above.

42. In response to Paragraphs 85, 86, 87, 88 (including all subparts (a) through (g)), 89 and 90 of the Third Amended Complaint, the Medical Defendants would show that Nurse Gillespie and Nurse Hughes were employed by SHP to provide nursing services at the Detention Center and were generally aware of the Decedent's constitutional rights. Plaintiff's allegation that Nurse Gillespie and Nurse Hughes were "acting under the color or pretense of state law" states a legal conclusion which does not require a response. To the extent a response is required, the Medical Defendants crave reference to appropriate legal authorities for their meaning and deny any interpretation inconsistent therewith. The Medical Defendants deny all remaining allegations of Paragraphs 85, 86, 87, 88 (including all subparts (a) through (g)), 89 and 90 and specifically deny

that Nurse Gillespie or Nurse Hughes ever violated any constitutional right of the Decedent, whether deliberately, consciously, or knowingly, or were ever deliberately indifferent to any serious medical need of the Decedent while he was incarcerated in the Detention Center, and demand strict proof thereof.

43. The Medical Defendants deny Paragraphs 91 and 92 of the Third Amended Complaint and specifically deny that Nurse Gillespie or Nurse Hughes violated any constitutional right of the Decedent and further state and aver that Plaintiff is not entitled to any damages from the Medical Defendants.

## AS TO DEMAND FOR JURY TRIAL

44. The Medical Defendants deny in its entirety the Paragraph constituting the Prayer for Relief, and all its subparts (a) through (f), and specifically deny that Plaintiff is entitled to relief of any type or nature from the Medical Defendants.

## FOR A SECOND DEFENSE

45. Plaintiff's Third Amended Complaint fails to state facts sufficient to constitute a cause of action. The Medical Defendants, therefore, move to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## FOR A THIRD DEFENSE

46. To the extent Plaintiff has asserted claims that are governed by the South Carolina Tort Claims Act, the provisions of S.C. Code Ann. § 15-78-10 *et. seq*. act as a complete bar herein and/or reduce any recovery (which is denied). The Medical Defendants, including all employees and/or contractors of SHP, at all times exercised appropriate discretion and judgment while acting within the scope of official duty and, therefore, are immune from suit herein pursuant to S.C. Code Ann. §§ 15-78-60 and/or 15-78-70. Moreover, any damages (which are denied) must be limited

as set forth in S.C. Code Ann. § 15-78-20.

### FOR A FOURTH DEFENSE

47. The Decedent was negligent, careless, reckless, willful and wanton with regard to his own safety, and this failure to exercise a reasonable degree of care and caution was the proximate cause of his injuries. As a result, Plaintiff should be barred from any recovery herein.

### FOR A FIFTH DEFENSE

48. Plaintiff's damages, if any (which are denied), were the result of the Decedent's own actions and/or inactions and not the proximate result of any alleged constitutional violation or any other act/omission of the Medical Defendants, including all employees and/or contractors of SHP, barring recovery herein.

### FOR A SIXTH DEFENSE

49. Plaintiff's injuries or damages, if any (which are denied), were the proximate result of the intervening and/or superseding negligence, recklessness, willfulness and wantonness, and/or constitutional violations of parties other than the Medical Defendants, barring Plaintiff from recovering against the Medical Defendants herein.

### FOR A SEVENTH DEFENSE

50. Plaintiff's damages, if any (which are denied), were solely and proximately caused by the constitutional violations and/or acts/omissions of third parties or persons over whom the Medical Defendants had no control or right to control and, therefore, Plaintiff is not entitled to any recovery against the Medical Defendants herein.

### FOR AN EIGHTH DEFENSE

51. The care rendered to the Decedent was reasonable, in compliance with the standard of care, and provided in good faith, and the Medical Defendants were, at no time, deliberately

indifferent to the Decedent's serious medical needs. As a result, Plaintiff's claims do not raise to the level necessary to sustain an action for the claims and damages asserted herein against the Medical Defendants, and the action should be dismissed.

## FOR A NINTH DEFENSE

52. To the extent the Medical Defendants are in any way liable herein (which is expressly denied), they are entitled to an apportionment of liability for any other tortfeasors, pursuant to S.C. Code Ann. § 15-38-15.

## FOR A TENTH DEFENSE

53. The Plaintiff failed to take reasonable steps to mitigate damages sustained (which are denied), and may not recover any damages that could have been avoided through reasonable mitigation.

## FOR AN ELEVENTH DEFENSE

54. The punitive damages sought by Plaintiff are unconstitutional under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and under Article I, § 3 of the South Carolina Constitution. Claims for these damages, therefore, should be stricken.

## FOR A TWELFTH DEFENSE

55. The punitive damages sought by Plaintiff herein are subject to the limitations contained in S.C. Code Ann. § 15-32-510, et seq.

## FOR A THIRTEENTH DEFENSE

56. The Medical Defendants, including all employees and/or contractors of SHP, did not engage in any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages could be based, and therefore, a punitive damages award is inappropriate.

**FOR A FOURTEENTH DEFENSE**

57. To the extent Plaintiff seeks damages for negligence, (which are expressly denied), the provisions of S.C. Code Ann. § 15-32-200 *et. seq.* act as a complete bar and/or reduce any recovery by Plaintiff, including the caps and limits set forth in the statute.

**FOR A FIFTEENTH DEFENSE**

58. Plaintiff's claims involve matters over which the Medical Defendants had no involvement and no right or authority to control, such that this action should be dismissed with prejudice.

**FOR A SIXTEENTH DEFENSE**

59. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches and the applicable statute(s) of limitation.

**FOR A SEVENTEENTH DEFENSE**

60. The Medical Defendants specifically plead immunity and qualified immunity as a complete bar to Plaintiff's claims under 42 U.S.C. § 1983 herein. In the alternative, to the extent Nurse Gillespie or Nurse Hughes were not acting under color of state law, Plaintiff's claims based upon 42 U.S.C. § 1983 must be dismissed with prejudice.

**FOR AN EIGHTEENTH DEFENSE**

61. There is no vicarious or *respondeat superior* liability under 42 U.S.C. § 1983, and any claims by Plaintiff as to SHP based upon same must be dismissed with prejudice.

**FOR A NINETEENTH DEFENSE**

62. Plaintiff's claims are based, in whole or in part, upon duties not owed or undertaken by the Medical Defendants and, therefore, the Medical Defendants are not liable for same.

**FOR A TWENTIETH DEFENSE**

63. Plaintiff seeks damages for negligence and/or medical malpractice, which are not enough to establish a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 97 (1976). Therefore, Plaintiff's claims pursuant to 42 U.S.C. § 1983 fail as a matter of law.

**FOR A TWENTY-FIRST DEFENSE**

64. Plaintiff has failed to adequately allege that any Medical Defendant was deliberately indifferent to the Decedent's serious medical needs. Therefore, Plaintiff's claims pursuant to 42 U.S.C. § 1983 fail as a matter of law.

**FOR A TWENTY-SECOND DEFENSE**

65. Plaintiff has failed to adequately allege that any Medical Defendant acted with the requisite intent. Therefore, Plaintiff's claims pursuant to 42 U.S.C. § 1983 fail as a matter of law.

**FOR A TWENTY-THIRD DEFENSE**

66. To the extent the Medical Defendants are being sued in an official capacity, they are not subject to suit under 42 U.S.C. § 1983, and the Third Amended Complaint must be dismissed.

**FOR A TWENTY-FOURTH DEFENSE**

67. To the extent Plaintiff alleges acts of ordinary negligence against the Medical Defendants, such claims are subject to dismissal pursuant to *Dawkins v. Union Hospital District*, 408 S.C. 171, 758 S.E.2d 501 (2014).

**FOR A TWENTY-FIFTH DEFENSE**

68. The Medical Defendants reserve the right to rely upon any defenses raised by the other Defendants herein.

## FOR A TWENTY-SIXTH DEFENSE

69. The Medical Defendants do not waive and reserve the right to assert additional defenses as may be discovered or otherwise revealed in the course of this litigation.

**WHEREFORE**, having fully answered the Third Amended Complaint herein, the Medical Defendants respectfully ask this Honorable Court dismiss the Third Amended Complaint as against the Medical Defendants and award the Medical Defendants the costs and fees incurred in defending this matter, as well as such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*s/ James G. Long III*
James G. Long III, Fed ID No. 5877
Amelia S. Waring, Fed ID No. 13327
**MAYNARD NEXSEN PC**
1230 Main Street, Suite 700 (29201)
Post Office Box 2426
Columbia, South Carolina 29202
Tel: 803.771.8900
Email:  JLong@maynardnexsen.com
Email:  AWaring@maynardnexsen.com

*Attorneys for Defendants Southern Health Partners, Inc., Robert J. Williams, M.D., Geri Gillespie, LPN, in her individual capacity, and Karen Hughes, LPN, in her individual capacity*

November 4, 2024
Columbia, South Carolina