IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Thibodeau, as Personal Representative of the Estate of Alan R. Thibodeau, | ) ) ) ) | Civil Action No. 8:23-cv-06605-SAL-WSB |
| Plaintiff, | ) ) | **ANSWER TO THIRD AMENDED COMPLAINT ON BEHALF OF** |
| v. | ) ) | **DEFENDANT ASHLEY WOODS** (Jury Trial Demanded) |
| Bamberg County, South Carolina; Southern Health Partners, Inc.; Robert J. Williams, MD; Geri Gillespie, LPN, in her individual capacity; Karen Hughes, LPN, in her individual capacity; Officer Billy Ray Coggins, in his individual capacity; Lt. Ashley Woods, in her individual capacity; Cpl. Patrice Hatton, in her individual capacity; and Cpt. Latarcha Wilsom, in her individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Defendant Lt. Ashley Woods (hereinafter "Defendant"), by and through her undersigned attorneys, not waiving but expressly reserving all rights to be heard under all Rule 12 Motions, including those set forth within this Answer, hereby answers the allegations in Plaintiff's Third Amended Complaint (ECF 84, the "Third Amended Complaint"), subject to any and all affirmative defenses, qualifications, motions, and any other pleadings, as follows:

**FOR A FIRST DEFENSE**

1.      Defendant denies each allegation of the Third Amended Complaint not hereinafter specifically admitted, qualified, or explained.

2.      Regarding the allegations in Paragraph 1 of the Third Amended Complaint,

1

Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in and, on that basis, denies the same.

3.     Regarding the allegations in Paragraph 2 of the Third Amended Complaint, Defendant admits that Plaintiff filed this action but denies any liability to Plaintiff. Defendant admits, upon information and belief, that the decedent was fifty-one years old. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 2 and, on that basis, denies the same.

4.     Responding to the allegations contained in Paragraph 3 of the Third Amended Complaint, Defendant admits, upon information and belief, that the County is a state governmental entity entitled to all protections and defenses afforded by the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*., the County operated the Bamberg County Detention Center (the "Detention Center") and, as a general matter, that the County acts through its employees; any and all other allegations are denied.

5.     The allegations contained in Paragraphs 4, 5, 6, and 7 of the Third Amended Complaint are directed at parties other than this Defendant and, therefore, no response is required. Defendant admits only that Defendant Southern Health Partners, Inc. ("SHP"), pursuant to contract, provided medical services at the Detention Center at all times relevant hereto, and that, upon information and belief, Defendants Robert J. Williams, MD, Geri Gillespie, LPN and Karen Hughes, LPN were employed by SHP at certain times relevant hereto, were agents or employees of SHP and licensed doctors/nurses who had practitioner-patient relationships with the decedent; Defendant denies the allegations to the extent they could be construed to alleged liability against Defendant.

6.     Regarding the allegations contained in Paragraph 8 of the Third Amended Complaint, the same is directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required: Defendant admits only that Officer Billy Ray Coggins was an employee of Bamberg County generally working as a correctional officer at the Detention Center during the time period set forth in the complaint. The remaining allegations call for legal conclusions that require no response; to the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against Defendant.

7.     Regarding the allegations contained in Paragraph 9 of the Third Amended Complaint Defendant admits only that she was an employee of Bamberg County generally working as a correctional officer at the Detention Center during the time period set forth in the Complaint. The remaining allegations call for legal conclusions that require no response; to the extent a response is required, Defendant denies any and all allegations of liability.

8.     Regarding the allegations contained in Paragraph 10, 11, 12, 13, and 14 of the Third Amended Complaint, the same are directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required: Defendant admits only that Cpl. Patrice Hatton, Cpt. Latarcha Wilson, Officer KeShell Deloach, Sgt. Roy Brooks, and Officer Alfonso Ross were employees of Bamberg County generally working at the Detention Center during the time period set forth in the complaint. The remaining allegations call for legal conclusions that require no response; to the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against Defendant.

9.     Regarding the allegations contained in Paragraphs 15 and 16 of the Amended Complaint they are directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all allegations of liability.

10.     Responding to Paragraph 17 of The Third Amended Complaint, Defendant admits that the matters alleged arose in Bamberg County; the remaining allegations call for legal conclusions that require no response. To the extent a response is required, Defendant denies any and all allegations of liability.

11.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraphs 18, 19, 20, 21, 22, 23, and 24 and, on that basis, denies the same.

12.     Regarding the allegations contained in Paragraph 25 of The Third Amended Complaint, Defendant admits only that on or around February 14, 2022, the decedent was arrested by the Bamberg County Sheriff's Office and booked into the Detention Center; Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 25 and, on that basis, denies the same.

13.     Regarding the allegations contained in Paragraph 26 of The Third Amended Complaint call for call for legal conclusions that require no response; to the extent a response is required, Defendant denies any and all allegations of liability.

14.     Regarding the allegations contained in Paragraph 27 of The Third Amended Complaint, Defendant admits only that during the time period set forth in The Third Amended Complaint, the County contracted with SHP to provide medical services at the Detention Center. The remaining allegations call for legal conclusions that require no response; to the extent a response is required, Defendant denies any and all allegations of liability to Plaintiff.

15.     Regarding the allegations contained in Paragraphs 28, 29, and 30 of The Third Amended Complaint, Defendant admits only that a bond hearing was held regarding the decedent on or around February 15, 2022, after which the Court did not grant the decedent a bond and ordered a mental health evaluation. Defendant lacks knowledge or information

sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraphs 28, 29, and 30 of the Complaint and, on that basis, denies the same.

16.     Regarding the allegations contained in Paragraph 31 of The Third Amended Complaint, Defendant denies that the family made efforts to ensure that correctional and medical understood that Mr. Thibodeau needed access to his medications. Defendant admits only that she communicated with one or more family members of Mr. Thibodeau. Defendant denies the remainder of the allegations of Paragraph 31 as stated.

17.     Regarding the allegations contained in Paragraph 32 of The Third Amended Complaint, Defendant admits only that on or around April 13, 2022, the decedent was evaluated by the South Carolina Department of Mental Health ("SCDMH"), that SCDMH created a report regarding that evaluation which speaks for itself. Defendant craves reference to said report and further denies any and all allegations inconsistent with said report. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 32 and, on that basis, denies the same.

18.     Regarding the allegations contained in Paragraphs 33 and 34 of The Third Amended Complaint, Defendant admits only that on April 19, 2022, an order was filed in the decedent's criminal case, and that subsequently judicial commitment proceedings took place in the Bamberg County Probate Court. Defendant craves reference to any court orders and related filings regarding the proceedings involving the decedent as the best evidence of their contents, and deny any and all allegations inconsistent therewith and further deny any and all allegations of liability.

19.     Defendant denies the allegations contained in Paragraph 35 of The Third Amended Complaint.

20.     Regarding the allegations contained in Paragraphs 36 and 37 of The Third Amended Complaint, Defendant craves reference to any court orders as the best evidence of their contents, and deny any and all allegations inconsistent therewith; Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraphs 36 and 37 and, on that basis, deny the same.

21.     Defendant denies the allegations contained in Paragraphs 38, 39, 40, and 41 of The Third Amended Complaint.

22.     Defendant denies the allegations contained in the first two sentences of Paragraph 42 of The Third Amended Complaint. The remaining allegations contained in Paragraph 42 are directed at parties other than this defendant and, therefore, no response is required; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 42 and, on that basis, deny the same.

23.     Regarding the allegations contained in Paragraph 43 of The Third Amended Complaint, Defendant admits only that the decedent was found breathing but unresponsive on or around July 10, 2022, that Detention Center employees contacted emergency services for assistance, and that the decedent was transported by emergency services to the Bamberg Barnwell Emergency Medical Center where he received medical care. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations and, on that basis, denies the same. Defendant specifically denies any liability arising out of the allegations contained in Paragraph 43 of The Third Amended Complaint.

24.     Regarding the allegations contained in Paragraphs 44, 45, 46, and 47 of The Third Amended Complaint, Defendant admits only that decedent was transferred from Bamberg Barnwell Emergency Medical Center to Lexington Medical Center where he received medical

care and that decedent passed away on or around July 23, 2022. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations and, on that basis, denies the same. Defendant specifically denies any liability arising out of the allegations contained in Paragraphs 44, 45, 46, and 47 of The Third Amended Complaint.

25.     Regarding the allegations contained in Paragraphs 48, 49, and 50 of The Third Amended Complaint, Defendant admits only that an autopsy was performed, and craves reference to the records of that autopsy as the best evidence of their contents, and deny any and all allegations inconsistent therewith; Defendant denies the remaining allegations contained in Paragraphs 48, 49, and 50 of The Third Amended Complaint and specifically deny any liability arising out of the allegations contained therein.

26.     Defendant denies the allegations contained in Paragraphs 51, 52, and 53 of The Third Amended Complaint to the extent directed towards her.

**AS TO THE FIRST CAUSE OF ACTION**
**(Alleged Gross Negligence / Survival against the County)**

27.     Regarding Paragraph 54 of The Third Amended Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporate the same as if set forth fully herein.

28.     Regarding the allegations contained in Paragraphs 55 (including all sub-paragraphs), 56, and 57 of The Third Amended Complaint, Defendant states that such allegations require no response on the part of this Defendant. In so far as such allegations attempt to establish liability on the part of this Defendant, they are denied. All other allegations are denied.

**AS TO THE SECOND CAUSE OF ACTION**
**(Alleged Gross Negligence / Wrongful Death against the County)**

29.    Regarding Paragraph 58 of The Third Amended Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporate the same as if set forth fully herein.

30.    The allegations contained in Paragraph 59 of The Third Amended Complaint constitute legal conclusions and, therefore, no response is required; to the extent a response is required, Defendant admits that Plaintiff filed this action but denies any liability to Plaintiff.

31.    Regarding the allegations contained in Paragraphs 60, 61 (including all sub-paragraphs), and 62 of The Third Amended Complaint, Defendant states that such allegations require no response on the part of this Defendant. In so far as such allegations attempt to establish liability on the part of this Defendant, they are denied. All other allegations are denied.

### AS TO THE THIRD CAUSE OF ACTION
**(Alleged Negligence / Gross Negligence / Medical Malpractice / Survival against SHP and Robert J. Williams, MD)**

32.    Regarding Paragraph 63 of The Third Amended Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporate the same as if set forth fully herein.

33.    The allegations contained in Paragraphs 64, 65 (including all sub-paragraphs), 66, 67, and 68 of The Third Amended Complaint are directed at a party other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against the Defendants.

### AS TO THE FOURTH CAUSE OF ACTION
**(Alleged Negligence / Gross Negligence / Medical Malpractice / Wrongful Death against SHP and Robert J. Willaims, MD)**

34.     Regarding Paragraph 69 of The Third Amended Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporate the same as if set forth fully herein.

35.     The allegations contained in Paragraphs 70, 71, 72 (including all sub-paragraphs), 73 and 74 of the Complaint are directed at a party other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against Defendant.

**AS TO THE FIFTH CAUSE OF ACTION**
**(Alleged Violation of Federal Civil Rights 42 U.S.C. §1983, Violation of Due Process / Failure to Provide Medical Care for a Serious Medical Need / Cruel and Unusual Punishment against Defendants Ofc. Coggins, Lt. Ashley Woods, Cpl. Hatton, and Cpt. Latarcha Wilson, each in their individual capacity)**

36.     Regarding Paragraph 75 of The Third Amended Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporate the same as if set forth fully herein.

37.     Defendant denies the allegations contained in Paragraph 76 of The Third Amended Complaint to the extent directed towards her.

38.     The allegations contained in Paragraph 77 of The Third Amended Complaint constitute legal conclusions and, therefore, no response is required; to the extent a response is required, Defendant denies any liability to Plaintiff.

39.     Defendant denies the allegations contained in Paragraphs 78, 79 (including all sub- paragraphs), 80, 81, 82, and 83 of The Third Amended Complaint to the extent directed towards her.

**AS TO THE SIXTH CAUSE OF ACTION**
**(Alleged Violation of Civil Rights 42 U.S.C. §1983, Violation of Due Process, Failure to Provide Medical Care for a Serious Medical Need, and Cruel and Unusual Punishment against Defendants Karen Hughes, LPN and Geri Gillespie, LPN)**

40.     Regarding Paragraph 84 of The Third Amended Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporate the same as if set forth fully herein.

41.     The allegations contained in Paragraphs 85, 86, 87, 88 (including all sub-paragraphs), 89, 90, 91, and 92 of The Third Amended Complaint are directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against Defendant.

## AS TO THE WHEREFORE SECTION AND PRAYER FOR RELIEF

42.     Defendant denies that Plaintiff is entitled to the relief requested in the final paragraphs of the Complaint beginning with "WHEREFORE" (including all sub-paragraphs) or to any other relief from this Defendant.

## FOR A SECOND DEFENSE
### (Rule 12(b)(6), FRCP)

43.     Plaintiff fails to state a cause of action against the Defendant under the Constitution and laws of the United States or the State of South Carolina, and there is no genuine issue as to any material fact. The Third Amended Complaint does not state a claim upon which relief can be granted and should be dismissed.

## FOR AN THIRD DEFENSE
### (No Constitutional Violation)

44.     The alleged actions/inactions claimed by Plaintiff regarding this defendant, which are denied, did not rise to the level of a constitutional violation and Plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges, or immunities.

## FOR A FOURTH DEFENSE
### (Qualified Immunity)

45.     The actions/inactions and conduct of Defendant, to the extent they actually occurred, were objectively reasonable under the circumstances of which she was aware. Defendant's actions did not violate any clearly established constitutional right of which a reasonable law enforcement official should have known, and she is entitled to qualified immunity.

### FOR A FIFTH DEFENSE
#### (Eleventh Amendment Immunity)

46.     To the extent Defendant is being sued in her official capacity, she is not a person amenable to suit under § 1983. At all times relevant hereto, Defendant was acting as an employee, officer, or official of the State of South Carolina, while engaged in the performance of official duties and acting as the alter ego of the State of South Carolina, and she is entitled to sovereign immunity from suit in her official capacity under the common and statutory laws of South Carolina and the United States of America. These actions are barred by the Eleventh Amendment to the Constitution of the United States.

### FOR A SIXTH DEFENSE
#### (No *Respondeat Superior* Under 42 U.S.C. § 1983)

47.     Any federal claims are based on the doctrine of *respondeat superior* are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. § 1983.

### FOR AN SEVENTH DEFENSE
#### (Reliance upon Medical Personnel and Standards)

48.     As a non-medical official, Defendant is entitled to rely upon the professional judgment of trained medical personnel, which she pleads as a complete defense.

49.     Defendant, in rendering care to Plaintiff, was constrained to comply with the state and federal constitutional rights applicable to the medical conditions, including without

limitation, freedom from excessive restriction of movement and interaction with others and confinement protocols and regulations.

50.    The injuries to Plaintiff, if any, were the result of one or more naturally occurring medical conditions and or disease processes and or conditions undetectable through reasonable and ordinary medical care which caused Plaintiff's injuries.

## FOR AN EIGHTH DEFENSE
### (Good Faith)

51.    Defendant acted at all times in good faith and in a reasonable manner and is therefore not liable for any injuries or harm alleged in the Complaint.

## FOR A NINTH DEFENSE
### (Sovereign Immunity)

52.    Plaintiff's claims may be barred in whole or in part by the sovereign immunity of the State of South Carolina.

## FOR A TENTH DEFENSE
### (State Law Negligence)

53.    To the extent Plaintiff is attempting to raise negligence or tort claims under state law, Defendant affirmatively plead and assert all conditions of recovery, exceptions to waiver of immunity, limitations of liability, statutes of limitations, limitations as to damages, and caps as to damages as set forth in the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq

54.    To the extent that the allegations may be construed to allege a claim of negligence pursuant to the South Carolina Tort Claims Act, Defendant assert that at all times relevant hereto, she was acting as an employee, officer or official or agency of the State of South Carolina, engaged in the performance of official duties, and therefore is immune from liability pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10 *et seq.* Further, Defendant affirmatively pleads and asserts all conditions of recovery, exceptions to

waiver of immunity, limitations of liability, limitations as to damages, caps as to damages and statutes of limitations as set forth in the South Carolina Tort Claims Act.

55.     The section S.C. Code Ann. §15-78-120(b), bars the recovery of punitive damages in actions brought pursuant to the South Carolina Tort Claims Act. Accordingly, Plaintiff cannot recover punitive damages on any state law claims and all claims for such relief should be dismissed.

56.     At all times relevant to the allegations contained in The Third Amended Complaint, Defendant was acting according to, and in compliance with, specific laws, rules, and regulations of the United States, the State of South Carolina, and the County of Bamberg, South Carolina. Therefore, Defendant is immune from suit and pleads such statutory or regulatory authorization as a complete defense and bar to the within causes of action.

57.     The Plaintiff has failed to set forth any facts tending to establish any causal connection between any actions on the part of Defendant and the allegations forming the basis of The Third Amended Complaint herein and, thus, Defendant should be dismissed from this action upon that basis.

58.     Defendant met the duty to exercise that degree of care and skill ordinarily exercised by her profession under similar conditions and in similar circumstances. Accordingly, Defendant specifically denies that she deviated from the generally accepted standards, practices, and procedures exercised by competent corrections administrators in the area of practice at issue.

**FOR AN ELEVENTH DEFENSE**
**(Statute of Limitations)**

59.     Defendant affirmatively asserts that any negligence claims of Plaintiff are barred by the two-year statute of limitations as set forth at S.C. Code Ann. §15-78-110.

**FOR A TWELFTH DEFENSE**
**(Comparative Negligence)**

13

60.     Any damages suffered by Plaintiff were due and caused by the sole negligence, recklessness, and wantonness of Plaintiff or Plaintiff's decedent, and such constitutes a complete defense to Plaintiff's claims, including, without limitation, the failure to use that degree of care and prudence that a reasonable person would have exercised under the same or similar circumstances, but if it is determined that the decedent's negligence was less than or equal to the negligence of these defendants, which is denied, such negligence should be compared so as to apportion the relative fault and proportionally reduce any recovery herein pursuant to the doctrine of comparative negligence.

### FOR A THIRTEENTH DEFENSE
**(Waiver and Estoppel)**

61.     Plaintiff's claims may be barred in whole or in part by the doctrines of waiver and/or estoppel.

### FOR A FOURTEENTH FIFTEENTH DEFENSE
**(Failure to Mitigate Damages)**

62.     Plaintiff has a legal obligation to mitigate damages claimed, which are denied, and to the extent he failed to do so, his claims are barred, in whole or in part.

### FOR A FIFTEENTH DEFENSE
**(Standing/Real Party in Interest)**

63.     To the extent Plaintiff has not been duly appointed as personal representative or special administrator of the decedent's estate and/or to the extent said appointment should lapse or terminate, Plaintiff would lack standing and/or would not be the real party in interest and this case would be subject to dismissal.

### FOR A SIXTEENTH DEFENSE
**(Indispensable Party)**

64.     Pursuant to Rule 19 of the Federal Rules of Civil Procedure, Plaintiff has failed or refuses to join or name indispensable parties to this action, and, thus, each Defendant should be dismissed from this action upon that basis.

## FOR A SEVENTEENTH DEFENSE
### (No Punitive Damages)

65.     Plaintiff's claim for punitive damages violates the rights of these Defendants under the United States Constitution, the Constitution of the State of South Carolina, and is barred by the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120.

## FOR AN EIGHTHTEENTH DEFENSE
### (Reliance on Defenses of Others)

66.     Defendant reserves the right to rely upon any defenses raised by other defendants to the extent applicable to this Defendant.

## FOR AN NINETEENTH DEFENSE
### (Reservation)

67.     Defendant reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise.

**WHEREFORE**, having fully responded to Plaintiff's Amended Complaint, Defendant prays that such Amended Complaint be dismissed with prejudice, that the relief sought by Plaintiff be denied, that judgment be rendered in favor of Defendant, that Plaintiff be assessed with all costs of this action, and that Defendant have such other and further relief as this Court may deem just and proper.

*[Signature page to follow.]*

15

Respectfully submitted,

*s/John P. Grimes, Jr.*
WILLIAM H. DAVIDSON, II   #425
JOHN P. GRIMES, JR.            #13808
Davidson & Wren, P.A.
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202
(803) 806-8222
Email: wdavidson@dml-law.com
Email: jgrimes@dml-law.com

*Counsel for Lt. Ashley Woods*

November 5, 2024

16