IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Edwin Thibodeau, as Personal Representative of the Estate of Alan R. Thibodeau, | ) ) ) ) | Civil Action No. 8:23-6605-SAL-BM |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Bamberg County, South Carolina; Southern Health Partners, Inc.; Robert J. Williams, MD; Geri Gillespie, LPN, in her individual capacity; Karen Hughes, LPN, in her individual capacity; Officer Billy Ray Coggins, in his individual capacity; Lt. Ashley Woods, in her individual capacity; Cpl. Patricia Hatton, in her individual capacity; and Cpt. Latarcha Wilson, in her individual capacity; Officer KeShell Deloach, in her individual capacity; Sgt. Roy Brooks, in his individual capacity; and Officer Alfonso Ross, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ANSWER TO THIRD AMENDED COMPLAINT OF DEFENDANT LATARCHA WILSON** **(Jury Trial Requested)** |
| Defendants. | ) ) | |

The Defendant Latarcha Wilson, by and through her undersigned attorney, not waiving but expressly reserving all rights to be heard under all Rule 12 Motions, including those set forth within this Answer, hereby answers the allegations in the Plaintiff's Third Amended Complaint, subject to any and all affirmative defenses, qualifications, motions, and any other pleadings, as follows:

1

**FOR A FIRST DEFENSE**

1. The Defendant Wilson denies each allegation of the Third Amended Complaint not hereinafter specifically admitted, qualified, or explained.

2. Regarding the allegations in Paragraph 1 of the Third Amended Complaint, the Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in and, on that basis, denies those allegations.

3. Regarding the allegations in Paragraph 2 of the Third Amended Complaint, the Defendant Wilson admits that Plaintiff filed this action but denies any liability to Plaintiff. The Defendant Wilson admits, upon information and belief, that the decedent was fifty-one years old. The Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 2 and, on that basis, denies those allegations.

4. Regarding the allegations contained in Paragraph 3 of the Third Amended Complaint, the Defendant Wilson admits, upon information and belief, that Bamberg County is a state governmental entity entitled to all protections and defenses afforded by the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, the County operated the Bamberg County Detention Center (the "Detention Center") and, as a general matter, that Bamberg County acts through its employees. Any and all other allegations are denied.

5. The allegations contained in Paragraphs 4, 5, 6, and 7 of the Third Amended Complaint are directed at parties other than the Defendant Wilson, and therefore, no response is required. The Defendant Wilson admits only that Defendant Southern Health Partners, Inc. ("SHP"), pursuant to contract, provided medical services at the Bamberg County Detention Center at all times relevant hereto, and that, upon information and belief, the Defendants Robert J.

Williams, M.D., Geri Gillespie, LPN and Karen Hughes, LPN were employed by SHP at certain times relevant hereto, were agents or employees of SHP and licensed nurses who had practitioner-patient relationships with the decedent. The Defendant Wilson denies the allegations to the extent they could be construed to alleged liability against the Defendant Wilson.

6. Regarding the allegations contained in Paragraph 8 of the Third Amended Complaint, the Defendant Wilson admits only that Officer Billy Ray Coggins is a resident of South Carolina and was an employee of Bamberg County generally working as a correctional officer at the Bamberg County Detention Center during the time period set forth in the Third Amended Complaint. The remaining allegations call for legal conclusions that require no response. To the extent a response is required, the Defendant Wilson denies any and all allegations of liability.

7. Regarding the allegations contained in Paragraph 9 of the Third Amended Complaint, the Defendant Wilson admits only that the Defendant named as Lt. Ashley Woods was an employee of Bamberg County generally working as a correctional officer at the Bamberg County Detention Center during the time period set forth in the Third Amended Complaint. The remaining allegations call for legal conclusions that require no response; to the extent a response is required, the Defendant Wilson denies any and all allegations of liability.

8. Regarding the allegations contained in Paragraph 10 of the Third Amended Complaint, the Defendant Wilson admits only that Defendant named as Cpl. Patrice Hatton is a resident of South Carolina and was an employee of Bamberg County generally working as a correctional officer at the Bamberg County Detention Center during the time period set forth in the Third Amended Complaint. The remaining allegations call for legal conclusions that

require no response. To the extent a response is required, the Defendant Wilson denies any and all allegations of liability.

9. Regarding the allegations contained in Paragraph 11 of the Third Amended Complaint, the Defendant Wilson admits only that she, Latarcha Wilson, was an employee of Bamberg County who began generally working as a correctional officer at the Detention Center early in her career, but during the time period set forth in the Third Amended Complaint she was the Captain and Director of the Detention Center. The remaining allegations call for legal conclusions that require no response. To the extent a response is required, the Defendant Wilson denies any and all allegations of liability to Plaintiff.

10. Regarding the allegations contained in Paragraphs 12, 13, and 14 of the Third Amended Complaint, the Defendant Wilson admits only that KeShell Deloach, Roy Brooks, and Alfonso Ross were employees of Bamberg County generally working as correctional officers at the Bamberg County Detention Center during the time period set forth in the Third Amended Complaint. The remaining allegations call for legal conclusions that require no response; to the extent a response is required, the Defendant Wilson denies any and all allegations of liability.

11. Regarding the allegations contained in Paragraphs 15 and 16 of the Third Amended Complaint, they are directed at parties other than the Defendant Wilson and, therefore, no response is required. To the extent a response is required, the Defendant Wilson denies any and all allegations of liability.

12. Responding to Paragraph 17 of the Third Amended Complaint, the Defendant Wilson admits that the matters alleged arose in Bamberg County. The remaining allegations call

for legal conclusions that require no response. To the extent a response is required, the Defendant Wilson denies any and all allegations of liability.

13.     The Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraphs 18, 19, 20, 21, 22, 23, and 24 and, on that basis, denies those allegations.

14.     Regarding the allegations contained in Paragraph 25 of the Third Amended Complaint, the Defendant Wilson admits only that on or around February 14, 2022, the decedent was arrested by the Bamberg County Sheriff's Office and booked into the Bamberg County Detention Center. The Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 25 and, on that basis, denies those allegations.

15.     The allegations contained in Paragraph 26 of the Third Amended Complaint call for legal conclusions that require no response. To the extent a response is required, the Defendant Wilson denies any and all allegations of liability.

16.     Regarding the allegations contained in Paragraph 27 of the Third Amended Complaint, the Defendant Wilson admits only that during the time period set forth in the Third Amended Complaint, Bamberg County contracted with SHP to provide medical services at the Detention Center. The remaining allegations call for legal conclusions that require no response. To the extent a response is required, the Defendant Wilson denies any and all allegations of liability to Plaintiff.

17.     Regarding the allegations contained in Paragraphs 28, 29, and 30 of the Third Amended Complaint, the Defendant Wilson admits only that a bond hearing was held regarding the decedent on or around February 15, 2022, after which the Court did not grant the decedent a

5

bond and ordered a mental health evaluation. The Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraphs 28, 29, and 30 of the Third Amended Complaint and, on that basis, denies those allegations.

18.     Regarding the allegations contained in Paragraph 31 of the Third Amended Complaint, the Defendant Wilson denies that the family made efforts to ensure that the correctional and medical staff understood that the decedent needed access to his medications. The Defendant Wilson denies that the family corresponded with Lt. Woods. In so far as the allegations attempt to establish liability on the part of the Defendant Wilson, they are denied. All other allegations are denied.

19.     Regarding the allegations contained in Paragraph 32 of the Third Amended Complaint, the Defendant Wilson admits only that on or around April 13, 2022, the decedent was evaluated by the South Carolina Department of Mental Health ("SCDMH"), that SCDMH generated a report regarding that evaluation which speaks for itself, and the Defendant Wilson denies any and all allegations inconsistent with that report. The Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 32 and, on that basis, denies those allegations.

20.     Regarding the allegations contained in Paragraphs 33 and 34 of the Third Amended Complaint, the Defendant Wilson admits only that on April 19, 2022, an order was filed in the decedent's criminal case, and that subsequently judicial commitment proceedings took place in the Bamberg County Probate Court. The Defendant Wilson craves reference to any court orders and related filings regarding the proceedings involving the decedent as the best

evidence of their contents, and denies any and all allegations inconsistent therewith and further denies any and all allegations of liability.

21.     The Defendant Wilson denies the allegations contained in Paragraph 35 of the Third Amended Complaint.

22.     Regarding the allegations contained in Paragraphs 36 and 37 of the Third Amended Complaint, the Defendant Wilson craves reference to any court orders as the best evidence of their contents and denies any and all allegations inconsistent therewith. The Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraphs 36 and 37 and, on that basis, denies those allegations.

23.     The Defendant Wilson denies the allegations contained in Paragraphs 38, 39, 40, and 41 of the Third Amended Complaint.

24.     The Defendant Wilson denies the allegations contained in the first two sentences of Paragraph 42 of the Third Amended Complaint. The remaining allegations contained in Paragraph 42 are directed at parties other than the Defendant Wilson, and therefore, no response is required. To the extent a response is required, the Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 42 and, on that basis, denies those allegations.

25.     Regarding the allegations contained in Paragraph 43 of the Third Amended Complaint, the Defendant Wilson admits only that the decedent was found breathing but unresponsive on or around July 10, 2022, that Detention Center employees contacted emergency services for assistance, and that the decedent was transported by emergency services to the Bamberg Barnwell Emergency Medical Center where he received medical care. The Defendant

7

Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations and, on that basis, denies those allegations. The Defendant Wilson specifically denies any liability arising out of the allegations contained in Paragraph 43 of the Third Amended Complaint.

26. Regarding the allegations contained in Paragraphs 44, 45, 46, and 47 of the Third Amended Complaint, the Defendant Wilson admits only that decedent was transferred from Bamberg Barnwell Emergency Medical Center to Lexington Medical Center where he received medical care and that decedent passed away on or around July 23, 2022. The Defendant Wilson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations and, on that basis, denies those allegations. The Defendant Wilson specifically denies any liability arising out of the allegations contained in Paragraphs 44, 45, 46, and 47 of the Third Amended Complaint.

27. Regarding the allegations contained in Paragraphs 48, 49, and 50 of the Third Amended Complaint, the Defendant Wilson admits only that an autopsy was performed, and craves reference to the records of that autopsy as the best evidence of their contents, and denies any and all allegations inconsistent therewith. The Defendant Wilson denies the remaining allegations contained in Paragraphs 48, 49, and 50 of the Third Amended Complaint and specifically denies any liability arising out of the allegations contained therein.

28. The Defendant Wilson denies the allegations contained in Paragraphs 51, 52, and 53 of the Third Amended Complaint to the extent directed towards her.

## AS TO THE FIRST CAUSE OF ACTION
### (Alleged Gross Negligence / Survival against the County)

29.     Regarding the allegations contained in Paragraph 54 of the Third Amended Complaint, the Defendant Wilson reasserts the responses contained in the previous paragraphs and incorporates those responses as if set forth fully herein verbatim.

30.     Regarding the allegations contained in Paragraphs 55 (including all sub-paragraphs), 56, and 57 of the Third Amended Complaint, the Defendant Wilson states that such allegations require no response on the part of the Defendant Wilson.  In so far as such allegations attempt to establish liability on the part of the Defendant Wilson, they are denied.  All other allegations are denied.

## AS TO THE SECOND CAUSE OF ACTION
### (Alleged Gross Negligence / Wrongful Death against the County)

31.     Regarding the allegations contained in Paragraph 58 of the Third Amended Complaint, the Defendant Wilson reasserts the responses contained in the previous paragraphs and incorporates those responses as if set forth fully herein verbatim.  The Defendant Wilson objects to the jumbling of causes of action.

32.     The allegations contained in Paragraph 59 of the Third Amended Complaint constitute legal conclusions and, therefore, no response is required; to the extent a response is required, the Defendant Wilson admits that Plaintiff filed this action but denies any liability to the Plaintiff.

33.     Regarding the allegations contained in Paragraphs 60, 61 (including all sub-paragraphs), and 62 of the Third Amended Complaint, the Defendant Wilson states that such allegations require no response on the part of the Defendant Wilson.  In so far as such allegations

attempt to establish liability on the part of the Defendant Wilson, they are denied. All other allegations are denied.

## AS TO THE THIRD CAUSE OF ACTION
**(Alleged Negligence / Gross Negligence / Medical Malpractice / Survival against SHP and Robert J. Williams, MD)**

34. Regarding the allegations contained in Paragraph 63 of the Third Amended Complaint, the Defendant Wilson reasserts the responses contained in the previous paragraphs and incorporates those responses as if set forth fully herein verbatim. The Defendant Wilson objects to the jumbling of causes of action.

35. The allegations contained in Paragraphs 64, 65 (including all sub-paragraphs), 66, 67, and 68 of the Third Amended Complaint are directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required, the Defendant Wilson denies the allegations to the extent they could be construed to alleged liability against the Defendants.

## AS TO THE FOURTH CAUSE OF ACTION
**(Alleged Negligence / Gross Negligence / Medical Malpractice / Wrongful Death against SHP and Robert J. Williams, MD)**

36. Regarding the allegations contained in Paragraph 69 of the Third Amended Complaint, the Defendant Wilson reasserts the responses contained in the previous paragraphs and incorporates those responses as if set forth fully herein verbatim. The Defendant Wilson objects to the jumbling of causes of action.

37. The allegations contained in Paragraphs 70, 71, 72 (including all sub-paragraphs), 73, and 74 of the Complaint are directed at parties other than the Defendant Wilson and, therefore, no response is required. To the extent a response is required, the Defendant

Wilson denies the allegations to the extent they could be construed to alleged liability against the Defendant Wilson.

### AS TO THE FIFTH CAUSE OF ACTION
**(Alleged Violation of Federal Civil Rights 42 U.S.C. §1983, Violation of Due Process / Failure to Provide Medical Care for a Serious Medical Need / Cruel and Unusual Punishment against Defendants Ofc. Coggins, Lt. Ashley Woods, Cpl. Hatton, and Cpt. Latarcha Wilson, each in their individual capacity)**

38. Regarding the allegations contained in Paragraph 75 of the Third Amended Complaint, the Defendant Wilson reasserts the responses contained in the previous paragraphs and incorporates those responses as if set forth fully herein verbatim. The Defendant Wilson objects to the jumbling of causes of action.

39. The Defendant Wilson denies the allegations contained in Paragraph 76 of the Third Amended Complaint to the extent directed towards her.

40. The allegations contained in Paragraph 77 of the Third Amended Complaint constitute legal conclusions and, therefore, no response is required. To the extent a response is required, the Defendant Wilson denies any liability to Plaintiff.

41. The Defendant Wilson denies the allegations contained in Paragraphs 78, 79 (including all sub-paragraphs), 80, 81, 82, and 83 of the Third Amended Complaint to the extent directed against her.

### AS TO THE SIXTH CAUSE OF ACTION
**(Alleged Violation of Civil Rights 42 U.S.C. §1983, Violation of Due Process, Failure to Provide Medical Care for a Serious Medical Need, and Cruel and Unusual Punishment against Defendants Karen Hughes, LPN and Geri Gillespie, LPN)**

42. Regarding the allegations contained in Paragraph 84 of the Third Amended Complaint, the Defendant Wilson reasserts the responses contained in the previous paragraphs and incorporates those responses as if set forth fully herein verbatim. The Defendant Wilson objects to the jumbling of causes of action.

43. The allegations contained in Paragraphs 85, 86, 87, 88 (including all sub-paragraphs), 89, 90, 91, and 92 of the Third Amended Complaint are directed at parties other than the Defendant Wilson and, therefore, no response is required. To the extent a response is required, the Defendant Wilson denies the allegations to the extent they could be construed to alleged liability against the Defendant Wilson.

### AS TO THE WHEREFORE SECTION AND PRAYER FOR RELIEF

44. The Defendant Wilson denies that Plaintiff is entitled to the relief requested in the final paragraphs of the Complaint beginning with "WHEREFORE" (including all sub-paragraphs) or to any other relief from this Defendant.

### FOR A SECOND DEFENSE
### (Rule 12(b)(6) and Rule 12(c), FRCP)

45. The Plaintiff fails to state a cause of action against the Defendant Wilson under the Constitution and laws of the United States or the State of South Carolina, and there is no genuine issue as to any material fact. The Third Amended Complaint does not state a claim upon which relief can be granted and should be dismissed. The Defendant Wilson reserves her rights under Rule 12(b)(6) and Rule 12(c), FRCP.

### FOR A THIRD DEFENSE
### (No Constitutional Violation)

46. The alleged actions/inactions claimed by the Plaintiff regarding this defendant, which are denied, did not rise to the level of a constitutional violation and the Plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges, or immunities.

### FOR A FOURTH DEFENSE
### (Qualified Immunity)

47. The actions/inactions and conduct of the Defendant Wilson, to the extent they actually occurred, were objectively reasonable under the circumstances of which she was aware.

The Defendant Wilson's actions did not violate any clearly established constitutional right of which a reasonable law enforcement official should have known, and she is entitled to *Harlow* qualified immunity.

**FOR A FIFTH DEFENSE**
**(Eleventh Amendment Immunity)**

48. To the extent the Defendant Wilson is being sued in her official capacity, she is not a person amenable to suit under § 1983. At all times relevant hereto, the Defendant Wilson was acting as an employee, officer, or official of the State of South Carolina, while engaged in the performance of official duties and acting as the alter ego of the State of South Carolina, and she is entitled to sovereign immunity from suit in her official capacity under the common and statutory laws of South Carolina and the United States of America. These actions are barred by the Eleventh Amendment to the Constitution of the United States.

**FOR A SIXTH DEFENSE**
**(No *Respondeat Superior* Under 42 U.S.C. § 1983)**

49. Any federal claims are based on the doctrine of *respondeat superior* are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. § 1983.

**FOR A SEVENTH DEFENSE**
**(Reliance upon Medical Personnel and Standards)**

50. As a non-medical official, the Defendant Wilson is entitled to rely upon the professional judgment of trained medical personnel, which she pleads as a complete defense.

51. The Defendant Wilson, in rendering care to the Plaintiff and his decedent, was constrained to comply with the state and federal constitutional rights applicable to the medical conditions, including without limitation, freedom from excessive restriction of movement and interaction with others and confinement protocols and regulations.

52. The injuries to the Plaintiff and his decedent, if any, were the result of one or more naturally occurring medical conditions and or disease processes and or conditions undetectable through reasonable and ordinary medical care which caused the Plaintiff's and the decedent's injuries.

**FOR AN EIGHTH DEFENSE**
**(Good Faith)**

53. The Defendant Wilson acted at all times in good faith and in a reasonable manner and is therefore not liable for any injuries or harm alleged in the Third Amended Complaint.

**FOR A NINTH DEFENSE**
**(Sovereign Immunity)**

54. The Plaintiff's claims may be barred in whole or in part by the sovereign immunity of the State of South Carolina.

**FOR A TENTH DEFENSE**
**(State Law Negligence)**

55. To the extent the Plaintiff is attempting to raise negligence or tort claims under state law against this Defendant, the Defendant Wilson affirmatively pleads and asserts all conditions of recovery, exceptions to waiver of immunity, limitations of liability, statutes of limitations, limitations as to damages, and caps as to damages as set forth in the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*., including employee immunity pursuant to S.C. Code Ann. § 15-78-70(a).

56. To the extent that the allegations may be construed to allege a claim of negligence pursuant to the South Carolina Tort Claims Act, the Defendant Wilson asserts that at all times relevant hereto, she was acting as an employee, officer or official or agency of the State of South Carolina, engaged in the performance of official duties, and therefore is immune from liability pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*. Further, the

Defendant Wilson affirmatively pleads and asserts all conditions of recovery, exceptions to waiver of immunity, limitations of liability, limitations as to damages, caps as to damages and statutes of limitations as set forth in the South Carolina Tort Claims Act.

57. S.C. Code Ann. § 15-78-120(b) bars the recovery of punitive damages in actions brought pursuant to the South Carolina Tort Claims Act. Accordingly, the Plaintiff cannot recover punitive damages on any state law claims and all claims for such relief should be dismissed.

58. At all times relevant to the allegations contained in the Third Amended Complaint, the Defendant Wilson was acting according to, and in compliance with, specific laws, rules, and regulations of the United States, the State of South Carolina, and the County of Bamberg, South Carolina. Therefore, the Defendant Wilson is immune from suit and pleads such statutory or regulatory authorization as a complete defense and bar to the within causes of action.

59. The Plaintiff has failed to set forth any facts tending to establish any causal connection between any actions on the part of the Defendant Wilson and the allegations forming the basis of the Third Amended Complaint herein, and thus, the Defendant Wilson should be dismissed from this action upon that basis.

60. The Defendant Wilson met the duty to exercise that degree of care and skill ordinarily exercised by her profession under similar conditions and in similar circumstances. Accordingly, the Defendant Wilson specifically denies that she deviated from the generally accepted standards, practices, and procedures exercised by competent corrections administrators in the area of practice at issue.

## FOR AN ELEVENTH DEFENSE
### (Statute of Limitations)

61. To the extent the Plaintiff is attempting to raise negligence or tort claims under state law against this Defendant, the Defendant Wilson affirmatively asserts that any negligence claims of Plaintiff are barred by the two-year statute of limitations as set forth at S.C. Code Ann. § 15-78-110.

## FOR A TWELFTH DEFENSE
### (Comparative Negligence)

62. To the extent the Plaintiff is attempting to raise negligence or tort claims under state law against this Defendant, any damages suffered by Plaintiff were due and caused by the sole negligence, recklessness, and wantonness of Plaintiff and his decedent, and such constitutes a complete defense to Plaintiff's claims, including, without limitation, the failure to use that degree of care and prudence that a reasonable person would have exercised under the same or similar circumstances, but if it is determined that the decedent's negligence was less than or equal to the negligence of these defendants, which is denied, such negligence should be compared so as to apportion the relative fault and proportionally reduce any recovery herein pursuant to the doctrine of comparative negligence.

## FOR A THIRTEENTH DEFENSE
### (Waiver and Estoppel)

63. The Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOR A FOURTEENTH FIFTEENTH DEFENSE
### (Failure to Mitigate Damages)

64. The Plaintiff has a legal obligation to mitigate damages claimed, which are denied, and to the extent he failed to do so, his claims are barred, in whole or in part.

**FOR A FIFTEENTH DEFENSE**
**(Standing/Real Party in Interest)**

65. To the extent the Plaintiff has not been duly appointed as personal representative or special administrator of the decedent's estate and/or to the extent said appointment should lapse or terminate, the Plaintiff would lack standing and/or would not be the real party in interest and this case would be subject to dismissal.

**FOR A SIXTEENTH DEFENSE**
**(Indispensable Party)**

66. Pursuant to Rule 19, FRCP, the Plaintiff has failed or refuses to join or name indispensable parties to this action, and, thus, the Defendant Wilson should be dismissed from this action upon that basis.

**FOR A SEVENTEENTH DEFENSE**
**(No Punitive Damages)**

67. The Plaintiff's claim for punitive damages violates the rights of the Defendants under the United States Constitution, the Constitution of the State of South Carolina, and is barred by the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120.

**FOR AN EIGHTEENTH DEFENSE**
**(S.C. Code Ann. § 62-3-803)**

68. The Plaintiff is barred from seeking recovery for any medical expenses, liens, or any other expenses proximately resulting from the Plaintiff's allegations which are not due and owed by the decedent's estate as a result of the bar of the Nonclaim Statute of the Probate Code, S.C. Code Ann. § 62-3-803.

## FOR A NINETEENTH DEFENSE
### (Abatement)

69. The Plaintiff is barred from seeking recovery for any cause of action or damages that have abated as a result of the decedent's death and which do not survive pursuant to S.C. Code Ann. § 15-5-90.

## FOR A TWENTIETH DEFENSE
### (Reliance on Defenses of Others)

70. The Defendant Wilson reserves the right to rely upon any defenses raised by other defendants to the extent applicable to this Defendant.

WHEREFORE, having fully responded to Plaintiff's Third Amended Complaint, the Defendant Latarcha Wilson prays that the Third Amended Complaint be dismissed with prejudice, that the relief sought by the Plaintiff be denied, that judgment be rendered in favor of the Defendant Wilson, that the Plaintiff be assessed with all costs of this action, and that the Defendant Wilson have such other and further relief as this Court may deem just and proper.

LINDEMANN LAW FIRM, P.A.

BY:  *s/ Andrew F. Lindemann*
ANDREW F. LINDEMANN    #5070
5 Calendar Court, Suite 202
Post Office Box 6923
Columbia, South Carolina 29260
(803) 881-8920
Email: andrew@ldlawsc.com

*Counsel for Defendant Latarcha Wilson*

November 5, 2024