**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| EDWIN THIBODEAU, as Personal Representative of the ESTATE OF ALAN R. THIBODEAU,<br><br>   Plaintiff,<br><br>v.<br><br>BAMBERG COUNTY, SOUTH CAROLINA; SOUTHERN HEALTH PARTNERS, INC.; ROBERT J. WILLIAMS, MD; GERI GILLESPIE, LPN, in her individual capacity; KAREN HUGHES, LPN, in her individual capacity; OFFICER BILLY RAY COGGINS, in his individual capacity; LT. ASHLEY WOODS, in her individual capacity; CPL. PATRICIA HATTON, in her individual capacity; CPT. LATARCHA WILSON, in her individual capacity; OFFICER KESHELL DELOACH, in her individual capacity; SGT. ROY BROOKS, in his individual capacity; and OFFICER ALFONSO ROSS, in his individual capacity,<br><br>   Defendants. | C/A No.: 8:23-cv-06605-SAL-WSB<br><br>**DEFENDANT OFFICER ALFONSO ROSS'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

Defendant Officer Alfonso Ross ("Ross" or "Defendant") by and through his undersigned counsel, hereby answers the Plaintiff's Third Amended Complaint (ECF 84, the "Complaint") as follows:

**FOR A FIRST DEFENSE
(General Denial)**

1. Each and every allegation of the Complaint and its attachment(s) not hereinafter specifically admitted is denied and strict proof thereof is demanded.

1

2. Responding to the allegations contained in Paragraph 1 of the Complaint, Defendant admits, upon information and belief, that Plaintiff has been appointed the Personal Representative of the Estate of Alan R. Thibodeau; Defendant lacks the knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 1 of the Complaint and, on that basis, denies the same.

3. The allegations contained in the first sentence of Paragraph 2 of the Complaint constitute an introductory statement and, therefore, no response is required; to the extent a response is required, Defendant admits that Plaintiff filed this action but denies any liability to Plaintiff. Responding to the allegations contained in the second and third sentences of Paragraph 2, Defendant admits, upon information and belief, that the decedent was fifty-one years old; Defendant lacks the knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in the second and third sentences of Paragraph 2 and, on that basis, denies the same.

4. Responding to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that Bamberg County (the "County") is a state governmental entity entitled to all protections and defenses afforded by the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*, the County operated the Bamberg County Detention Center (the "Detention Center") and, as a general matter, that the County acts through its employees; any and all other allegations are denied.

5. The allegations contained in Paragraphs 4 of the Complaint are directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant admits only that Defendant Southern Health Partners, Inc. ("SHP") is a Delaware corporation, which, pursuant to contract, provided medical services at the Detention

Center at all times relevant hereto; Defendant denies the allegations to the extent they could be construed to allege liability against Defendant.

6. The allegations contained in Paragraph 5 of the Complaint are directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required, or to the extent the allegations could be construed to allege liability against Defendant, Defendant admits only that, upon information and belief, Dr. Robert J. Williams is a licensed physician; Defendant lacks knowledge or information sufficient to form a response to the remaining allegations contained in Paragraph 5 of the Complaint and on that basis, denies the same.

7. The allegations contained in Paragraphs 6 and 7 of the Complaint are directed at parties other than these Defendant and, therefore, no response is required. To the extent a response is required, Defendant admits only that, upon information and belief, Defendants Geri Gillespie, LPN and Karen Hughes, LPN were employed by SHP at all times relevant hereto, were agents or employees of SHP and licensed nurses who had practitioner-patient relationships with the decedent; Defendant denies the allegations to the extent they could be construed to allege liability against Defendant.

8. The allegations contained in Paragraphs 8, 9, 10, 11, 12, and 13 of the Complaint are directed at parties other than this Defendant, and, therefore, no response is required. To the extent a response is required, Defendant admits only that Defendants named as Officer Billy Ray Coggins, Lt. Ashley Woods, Cpl. Patricia Hatton, Cpt. Latarcha Wilson, Officer Keshell Deloach, and Sgt. Roy Brooks were employees of the County generally working as a correctional officers at the Detention Center during the time period set forth in the Complaint. The remaining allegations

call for legal conclusions that require no response; to the extent a response is required, Defendant denies any and all allegations of liability to Plaintiff.

9. Responding to the allegations contained in Paragraph 14 of the Complaint, Defendant admits only that he is a resident of South Carolina and was an employee of the County generally working as a correctional officer at the Detention Center during the time period set forth in this Complaint. The remaining allegations call for legal conclusions that require no response; to the extent a response is required, Defendant denies any and all allegations of liability to Plaintiff.

10. The allegations contained in Paragraphs 15 and 16 of the Complaint are directed at parties other than these Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all allegations of liability to Plaintiff.

11. Responding to Paragraph 17 of the Complaint, Defendant admits that the matters alleged as to the Defendants' conduct arose in Bamberg County; the remaining allegations call for legal conclusions that require no response.

12. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraphs 18, 19, 20, 21, and 22 of the Complaint and, on that basis, denies the same.

13. Upon information and belief, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 24 of the Complaint and, on that basis, denies the same.

15. Responding to the allegations contained in Paragraph 25 of the Complaint, Defendant admits only that on or around February 14, 2022, the decedent was arrested by the

4

Bamberg County Sheriff's Office and booked into the Detention Center; Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 25 and, on that basis, denies the same.

16. The allegations contained in Paragraph 26 of the Complaint call for legal conclusions that require no response; to the extent a response is required, Defendant denies any and all allegations of liability to Plaintiff.

17. Responding to the allegations contained in Paragraph 27 of the Complaint, Defendant admits only that during the time period set forth in the Complaint, the County contracted with SHP to provide medical services at the Detention Center. The remaining allegations call for legal conclusions that require no response; to the extent a response is required, Defendant denies any and all allegations of liability to Plaintiff.

18. Responding to the allegations contained in Paragraphs 28, 29, and 30 of the Complaint, Defendant admits only that a bond hearing was held regarding the decedent on or around February 15, 2022, after which the Court did not grant the decedent a bond and ordered a mental health evaluation. Defendant lacks the knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraphs 28, 29, and 30 and, on that basis, denies the same.

19. The allegations contained in Paragraph 31 appear to be directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required, this Defendant denies any and all allegations of liability to Plaintiff.

20. Responding to the allegations contained in Paragraph 32 of the Complaint, Defendant admits only that upon information and belief, on or around April 13, 2022, the decedent was evaluated by the South Carolina Department of Mental Health ("SCDMH"), that SCDMH

5

provided a report regarding that evaluation which speaks for itself, and Defendant denies any and all allegations inconsistent with said report. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 32 and, on that basis, denies the same.

21. Responding to the allegations contained in Paragraphs 33 and 34 of the Complaint, Defendant admits only that on April 19, 2022, an order was filed in the decedent's criminal case, and that subsequently judicial commitment proceedings took place in the Bamberg County Probate Court. Defendant craves reference to any court orders and related filings regarding the proceedings involving the decedent as the best evidence of their contents, and denies any and all allegations inconsistent therewith and further denies any and all allegations of liability to Plaintiff.

22. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

23. Responding to the allegations contained in Paragraphs 36 and 37 of the Complaint, Defendant craves reference to any court orders as the best evidence of their contents, and denies any and all allegations inconsistent therewith; Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraphs 36 and 37 and, on that basis, denies the same.

24. Defendant denies the allegations contained in Paragraphs 38, 39, 40, and 41 of the Complaint.

25. Defendant denies the allegations contained in the first two sentences of Paragraph 42 of the Complaint. The remaining allegations contained in Paragraph 42 are directed at parties other than this Defendant and, therefore, no response is required; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 42 and on that basis, denies the same.

26. Responding to the allegations contained in Paragraph 43 of the Complaint, Defendant admits only that the decedent was found breathing but unresponsive on or around July 10, 2022, that Detention Center employees contacted emergency services for assistance, and that the decedent was transported by emergency services to the Bamberg Barnwell Emergency Medical Center where he received medical care. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations and, on that basis, denies the same; Defendant specifically denies any liability arising out of the allegations contained in Paragraph 43 of the Complaint.

27. Responding to the allegations contained in Paragraphs 44, 45, 46, and 47 of the Complaint, Defendant admits only that upon information and belief decedent was transferred from Bamberg Barnwell Emergency Medical Center to Lexington Medical Center where he received medical care and that decedent passed away on or around July 23, 2022; Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations and, on that basis, denies the same. Defendant specifically denies any liability arising out of the allegations contained in Paragraphs 44, 45, 46, and 47 of the Complaint.

28. Responding to the allegations contained in Paragraphs 48, 49, and 50 of the Complaint, Defendant admits only that an autopsy was performed, craves reference to the records of that autopsy as the best evidence of their contents, and denies any and all allegations inconsistent therewith; Defendant denies the remaining allegations contained in Paragraphs 48, 49, and 50 of the Complaint and specifically denies any liability arising out of the allegations contained therein.

29. Defendant denies the allegations in Paragraphs 51, 52, and 53 of the Complaint to the extent directed towards him.

**AS TO THE FIRST CAUSE OF ACTION**
(Alleged Gross Negligence / Survival against the County)

30. Responding to Paragraph 54 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporate the same as if set forth fully herein.

31. The allegations contained in Paragraphs 55 (including all sub-paragraphs), 56, and 57 of the Complaint are directed at a party other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations to the extent they could be construed to allege liability against Defendant.

## AS TO THE SECOND CAUSE OF ACTION
(Alleged Gross Negligence / Wrongful Death against the County)

32. Responding to Paragraph 58 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporates the same as if set forth fully herein.

33. The allegations contained in Paragraphs 59, 60, 61 (including all sub-paragraphs), and 62 of the Complaint are directed at a party other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against Defendant.

## AS TO THE THIRD CAUSE OF ACTION
(Alleged Negligence / Gross Negligence / Medical Malpractice / Survival against SHP and Robert J. Williams, MD)

34. Responding to Paragraph 63 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporates the same as if set forth fully herein.

35. The allegations contained in Paragraphs 64, 65 (including all sub-paragraphs), 66, 67, and 68 of the Complaint are directed at a party other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against the Defendants.

## AS TO THE FOURTH CAUSE OF ACTION
(Alleged Negligence / Gross Negligence / Medical Malpractice / Wrongful Death against SHP and Robert J. Williams, MD)

36. Responding to Paragraph 69 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporates the same as if set forth fully herein.

37. The allegations contained in Paragraphs 70, 71, 72 (including all sub-paragraphs), 73 and 74 of the Complaint are directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against Defendant.

## AS TO THE FIFTH CAUSE OF ACTION
(Alleged Violation of Federal Civil Rights 42 U.S.C. §1983, Violation of Due Process / Failure to Provide Medical Care for a Serious Medical Need / Cruel and Unusual Punishment against Defendants Ofc. Coggins, Lt. Ashley Woods, Cpl. Hatton, Cpt. Latarcha Wilson, Ofc. Deloach, Sgt. Brooks, and Ofc. Ross, each in their individual capacity)

38. Responding to Paragraph 75 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporates the same as if set forth fully herein.

39. Defendant denies the allegations contained in Paragraph 76 of the Complaint to the extent directed towards him.

40. The allegations contained in Paragraph 77 of the Complaint constitute legal conclusions and, therefore, no response is required; to the extent a response is required, Defendant denies any liability to Plaintiff.

41. Defendant denies the allegations contained in Paragraphs 78, 79 (including all sub-paragraphs), 80, 81, 82, and 83 of the Complaint to the extent directed towards him.

## AS TO THE SIXTH CAUSE OF ACTION
(Alleged Violation of Civil Rights 42 U.S.C. §1983, Violation of Due Process, Failure to Provide Medical Care for a Serious Medical Need, and Cruel and Unusual Punishment against Defendants Karen Hughes, LPN and Geri Gillespie, LPN)

42. Responding to Paragraph 84 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporates the same as if set forth fully herein.

43. The allegations contained in Paragraphs 85, 86, 87, 88 (including all sub-paragraphs), 89, 90, 91, and 92 of the Complaint are directed at parties other than this Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations to the extent they could be construed to alleged liability against Defendant.

44. Defendant denies that Plaintiff is entitled to the relief requested in the final Paragraph of the Complaint beginning with "WHEREFORE" (including all sub-paragraphs) or to any other relief from these Defendant.

### FOR A SECOND DEFENSE
### (Rule 12(b)(6), FRCP)

45. Plaintiff's claims are barred due to the failure to state facts sufficient to constitute a cause of action against Defendant.

### FOR A THIRD DEFENSE
### (Reliance upon Medical Personnel)

46. As a non-medical official, Defendant is entitled to rely upon the professional judgment of trained medical personnel, which he pleads as a complete defense.

### FOR A FOURTH DEFENSE
### (No Constitutional Violation)

47. The alleged actions/inactions claimed by Plaintiff, which are denied, did not rise to the level of a constitutional violation and Plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges, or immunities.

### FOR A FIFTH DEFENSE
### (Qualified Immunity)

48. The alleged actions/inactions and conduct of Ofc. Ross, to the extent they actually occurred, were objectively reasonable under the circumstances of which they were aware. Ofc.

Ross's actions did not violate any clearly established constitutional right of which a reasonable law enforcement official should have known, and he is entitled to qualified immunity.

## FOR A SIXTH DEFENSE
### (No *Respondeat Superior* Under 42 U.S.C. § 1983)

49.     Any federal claims based on the doctrine of *respondeat superior* are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. § 1983.

## FOR A SEVENTH DEFENSE
### (Good Faith)

50.     Defendant acted at all times in good faith and in a reasonable manner and is therefore not liable for any injuries or harm alleged in the Complaint.

## FOR AN EIGHTH DEFENSE
### (Tort Claims Act)

51.     The allegations presented against this Defendant fall solely under 42 U.S.C. § 1983, but to the extent Plaintiff's claims against this Defendant could be interpreted to fall under South Carolina law, they are barred, whether in whole or in part, by the relevant provisions of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*., including without limitation S.C. Code Ann. § 15-78-70.

## FOR A NINTH DEFENSE
### (Sovereign Immunity)

52.     Plaintiff's claims may be barred in whole or in part by the sovereign immunity of the State of South Carolina.

## FOR A TENTH DEFENSE
### (Comparative Negligence)

53.     Any damages suffered by Plaintiff were due and caused by the sole negligence, recklessness, and wantonness of Plaintiff or Plaintiff's decedent, and such constitutes a complete defense to Plaintiff's claims, including, without limitation, the failure to use that degree of care

and prudence that a reasonable person would have exercised under the same or similar circumstances, but if it is determined that Plaintiff or Plaintiff's decedent's negligence was less than or equal to the negligence of this Defendant, which is denied, such negligence should be compared so as to apportion the relative fault and proportionally reduce any recovery herein pursuant to the doctrine of comparative negligence.

**FOR AN ELEVENTH DEFENSE**
**(Superseding & Intervening Negligence)**

54. Any damages suffered by Plaintiff, which are denied, were caused by superseding and/or intervening acts of negligence and fault which cannot be attributed to Defendant.

**FOR A TWELFTH DEFENSE**
**(Acts/Omissions of Others)**

55. Any damages suffered by Plaintiff, which are denied, were caused by the acts or omissions of parties or third-parties other than Defendant, over whom Defendant had no authority or control.

**FOR A THIRTEENTH DEFENSE**
**(Standing/Real Party in Interest)**

56. To the extent Plaintiff has not been duly appointed as personal representative or special administrator of the decedent's estate and/or to the extent said appointment should lapse or terminate, Plaintiff would lack standing and/or would not be the real party in interest and this case would be subject to dismissal.

**FOR A FOURTEENTH DEFENSE**
**(Waiver and Estoppel)**

57. Plaintiff's claims may be barred in whole or in part by the doctrines of waiver and/or estoppel.

## FOR A FIFTEENTH DEFENSE
### (Failure to Mitigate Damages)

58. Plaintiff has a legal obligation to mitigate damages claimed, which are denied, and to the extent he failed to do so, his claims are barred, in whole or in part.

## FOR A SIXTEENTH DEFENSE
### (No Punitive Damages)

59. Plaintiff's claim for punitive damages violates the rights of this Defendant under the United States Constitution and the Constitution of the State of South Carolina.

## FOR A SEVENTEENTH DEFENSE
### (Reliance on Defenses of Others)

60. Defendant reserves the right to rely upon any defenses raised by other defendants to the extent applicable to this Defendant.

## FOR AN EIGHTEENTH DEFENSE
### (Reservation)

61. Defendant reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise.

**WHEREFORE**, having fully responded to Plaintiff's Third Amended Complaint (ECF 84), Defendant prays that such Complaint be dismissed with prejudice, that the relief sought by Plaintiff be denied, that judgment be rendered in favor of Defendant, that Plaintiff be assessed with all costs of this action, and that Defendant have such other and further relief as this Court may deem just and proper.

[*SIGNATURE APPEARS ON NEXT PAGE*]

Respectfully submitted,

CHANDLER & DUDGEON LLC

s/J. Matthew Johnson
J.W. Nelson Chandler, Fed ID #7593
Email: nelson@chandlerdudgeon.com
J. Matthew Johnson, Fed ID #11391
Email: matt@chandlerdudgeon.com
Casey E. Herm, Fed ID #14258
Email: casey@chandlerdudgeon.com
P.O. Box 547
Charleston, SC 29402
Phone: (843) 577-5410
Fax: (843) 577-5650

*Attorneys for Defendants Bamberg County, South Carolina, Officer Billy Ray Coggins, Cpl. Patrice Hatton, Officer KeShell Deloach, Sgt. Roy Brooks, and Officer Alfonso Ross*

December 13, 2024