IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **Edwin Thibodeau, as Personal Representative of the Estate of Alan R. Thibodeau,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**Bamberg County, South Carolina; Southern Health Partners, Inc.; Geri Gillespie, LPN, in her individual capacity; Robert J. Williams, MD; Karen Hughes, LPN, in her individual capacity; Officer Billy Ray Coggins, in his individual capacity; Lt. Ashley Woods, in her individual capacity; Cpl. Patrice Hatton, in her individual capacity; Cpt. Latarcha Wilson, in her individual capacity; Officer KeShell Deloach, in her individual capacity; Sgt. Roy Brooks, in his individual capacity; and Officer Alfonso Ross, in his individual capacity;**<br><br>     **Defendants.** | Case No.: 8:23-cv-06605-WSB<br><br>**PETITION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT** |

  NOW COMES Plaintiff/Petitioner, Edwin Thibodeau, as Administrator of the Estate of Alan R. Thibodeau, who hereby petitions this Court to approve a proposed settlement between the parties and the disbursement of the settlement proceeds as described herein.

1. The Plaintiff, Edwin Thibodeau, is the Administrator of the Estate of Alan R. Thibodeau, having been so appointed on December 20, 2022 by the Prince William County Circuit Court in the Commonwealth of Virgina.  (Ex. 1, Certificate of/Letter of Qualification).  The Plaintiff, in his capacity as the duly appointed Administrator of the Estate of Alan R. Thibodeau, hereby petitions this Court to approve the proposed settlement agreement described herein and the disbursement of the settlement proceeds.

1

2. At the time of his death, Alan R. Thibodeau was a citizen and resident of Prince William County, Virginia. The Estate of Alan R. Thibodeau remains open and pending in Prince William County, Virginia.

3. This is a complex action wherein Plaintiff brought medical malpractice causes of action as well as claims based on the alleged violations of Alan R. Thibodeau's civil rights against the Defendants.

4. Alan R. Thibodeau suffered from schizophrenia, bipolar type, as well as diabetes. Both of these conditions were historically managed with the use of medications.

5. On February 14, 2022, Mr. Thibodeau was arrested by the Bamberg County Sheriff's Office and transferred to the Bamberg County Detention Center.

6. Mr. Thibodeau appeared for a bond hearing at which time the Court deferred its determination on bond pending a mental health evaluation. Mr. Thibodeau was subsequently evaluated by the South Carolina Department of Mental Health which determined that Mr. Thibodeau lacked capacity to stand trial pursuant to State v. Blair, 275 S.E. 529, 273 S.E. 2d 536 (1981) and S.C. Code Ann. § 44-23-410 (1976).

7. Thereafter, a hearing was held on May 16, 2022 and by Order dated the same day, the South Carolina Probate Court for Bamberg County, South Carolina ordered that Mr. Thibodeau be committed to the G. Werber Bryan Psychiatric Hospital for inpatient care and treatment as a result of Mr. Thibodeau lacking "sufficient insight or capacity to make responsible decisions with respect to treatment."

8. Notwithstanding the transfer order, Mr. Thibodeau remained at the current facility as the G. Werber Bryan Psychiatric Hospital lacked available bed space to accommodate his admission.

9. At all times following his arrest on February 14, 2022, up to the morning of July 10, 2022, Mr. Thibodeau was housed within the Bamberg County Detention Center.

10. While incarcerated, Mr. Thibodeau did not receive medications to stabilize his mental health condition, nor was Mr. Thibodeau administered medications to control his diabetes. The parties disagree as to why Mr. Thibodeau did not receive his medications.

11. Plaintiff alleges that between February 14, 2022 and July 10, 2022, Mr. Thibodeau's physical and mental health deteriorated while housed in an isolated cell.

12. During his incarceration, Mr. Thibodeau had significant weight loss and Plaintiff alleges that Mr. Thibodeau suffered from malnutrition. Defendants allege that Mr. Thibodeau was combative and inconsistent with his food intake.

13. On July 10, 2022, Mr. Thibodeau was found breathing but unresponsive in his cell. Mr. Thibodeau was transported to the Bamberg-Barnwell Emergency Medical Center where he was found to be in critical condition and suffering from altered mental status, hypothermia, lactic acidosis, and hypoglycemia.

14. Mr. Thibodeau was transferred to the Lexington Medical Center in West Columbia, South Carolina for a higher level of care. Medical Staff at the Lexington Medical Center further determined that Mr. Thibodeau had an elevated CK suggestive of Rhabdomyolysis along with low blood pressure and low body temperature. Other conditions noted in the records include lactic acidosis, hypoglycemia, active heart failure, circulatory failure, liver failure, kidney failure, respiratory failure, severe dehydration and septic shock.

15. Mr. Thibodeau remained at Lexington Medical Center and died on July 23, 2022.

16. Mr. Thibodeau's cause of death was determined to be multisystem organ failure with an undetermined manner of death. The autopsy found him to be clinically underweight/emaciated

with anasarca, a stage 2 sacral decubitus, and gastrointestinal bleeding. Defendant's pathologist expert opined that the cause of death was hemorrhagic shock due to gastrointestinal bleeding due to duodenal ulcers after being hospitalized for altered level of consciousness which was caused by sepsis as a result of a urinary tract infection. This opinion was contested by Plaintiff and his internal medicine expert.

17. Plaintiff initiated this survival and wrongful death action with the filing of a Summons and Complaint in Bamberg County, South Carolina on October 26, 2023 against Defendants Bamberg County, South Carolina and Geri Gillespie, LPN, in her individual capacity. On November 6, 2023 Plaintiff filed a Notice of Intent to File Suit in a Medical Malpractice Suit against Defendant Southern Health Partners, Inc. in Bamberg County, South Carolina. On December 15, 2023, Defendant Geri Gillespie, LPN removed this matter to the District Court of South Carolina based on Plaintiff's allegation of Defendant Gillespie's violation of 42 U.S.C. § 1983. On January 8, 2024, Plaintiff filed a separate Summons and Complaint against Southern Health Partners, Inc. in Bamberg County. On January 17, 2024, Defendant Southern Health Partners removed the second complaint based on diversity jurisdiction. On March 13, 2024, the District Court permitted the parties to consolidate these two actions. Plaintiff has amended his complaint twice to add additional individual defendants during the pendency of this action. The Defendants have expressly denied liability in this action.

18. The parties have vigorously and diligently prosecuted this matter since its commencement, engaging in substantial litigation efforts that demonstrate the complexity of the claims and defenses asserted. At the time this settlement was reached, discovery was approximately sixty percent complete, representing a significant investment of time and resources by all parties. The completed discovery includes the exchange of voluminous written discovery requests and responses, including interrogatories, requests for production of documents, and requests for

admission. To date, seven depositions have been conducted, including depositions of key fact witnesses with knowledge of the relevant events. Additionally, the parties have identified and designated multiple expert witnesses in various fields pertinent to the disputed issues. At the time the parties reached this settlement, an additional fifteen depositions had been noticed and were in the process of being scheduled to take place before year-end, reflecting the parties' continued commitment to thorough case preparation. This settlement was reached only after both sides had obtained sufficient information through discovery to meaningfully evaluate the strengths and weaknesses of their respective positions and the risks of continued litigation.

19. The Plaintiff/Petitioner is represented by James B. Moore III, Scott C. Evans, and George W. Bryan, III of Evans Moore, LLC. The Estate of Alan R. Thibodeau is represented by Viginia attorney John P. Morgan of Rees Broome, PC in Tysons Corner, Virgina for all Viginia probate purposes.

20. Defendants Bamberg County, Alfonso Ross, Roy Brooks, KeShell DeLoach, Patrice Hatton, and Billy Ray Coggins are represented by Nelson Chandler of Chandler & Dudgeon LLC. Defendants Southern Health Partners, Inc.; Robert Williams, MD; Karen Hughes, LPN; and Geri Gillespie, LPN are represented by James G. Long III and Amelia S. Waring of Maynard Nexsen, P.C. Defendant Ashley Wood is Represented by William H. Davidson of Davidson & Wren, P.A. Defendant Latacha Wilson is represented by Andrew F. Lindeman of Lindemann Law Firm, P.A.

21. Defendant Bamberg County, South Carolina is insured in the amount of $600,000.00. Defendant Southern Health Partners, Inc. is insured in the amount of $1,000,000.00. As such, the total available coverage in this action is One-Million Six Hundred Thousand and 00/100 dollars ($1,600,000.00).

22. The parties have reached an agreement wherein the Plaintiff will release all claims against all Defendants in exchange for a financial payment. Defendant Bamberg County has offered the policy limits and the Plaintiff has accepted that sum for settlement with Bamberg County. Defendant Southern Health Partners, through its insurer, has reached a confidential settlement with Plaintiff. Plaintiff and Southern Health Partners will submit to the Court a Disbursement Statement signed by Plaintiff that sets forth the total settlement amount paid by Southern Health Partners and allocation of proceeds. The parties seek to file the Disbursement Statement *in camera* and under seal and will file a Motion to Seal with Accompanied Memorandum pursuant to Local Rule 5.03, DSC. No settlement proceeds are being paid on behalf of the individual Defendants, who will be dismissed, with prejudice. This settlement will end this action.

23. The settlement proceeds represent compensation exclusively for actual damages related to personal physical injuries and wrongful death, with no allocation for punitive damages.

24. Pursuant to the agreement between the Plaintiff and his legal counsel, counsel is to receive 40% of the total recovery. Litigation costs incurred by Evans Moore, LLC are set forth on the Disbursement Statement as contemplated by Plaintiff's agreement with his counsel.

25. The Decedent was a Medicaid recipient, and the Department of Medical Assistance, in the Commonwealth of Virgina-Medicaid has a subrogation claim in the amount of $1,560.88 which will be satisfied and disbursed directly from the proceeds of this settlement by counsel.

26. There are no remaining creditor claims to the Estate.

27. Petitioner believes that the amount and terms of the settlement along with the attorneys' fees and litigation costs are reasonable.

28. Petitioner seeks Court approval to allocate one-hundred percent (100%) of the settlement to the Plaintiff's Wrongful Death Claim.

29.     There are significant factors influencing the decision to settle this claim. First and foremost, it is in the best interests for the Estate of Alan R. Thibodeau, the Plaintiff, and the rest of Mr. Thibodeau's family to bring finality and closure to this action. Continued litigation of this matter could result in diminishing returns both emotionally and financially. There is no guarantee that a judgment following trial would be collectible beyond existing insurance policy limits. While the parties have invested substantial effort in litigating this matter and discovery is approximately sixty percent complete, the path forward would require extensive additional proceedings. Fifteen additional depositions have been noticed, along with expert witness preparations and trial proceedings, which would extend the litigation timeline considerably and further delay resolution for the family. The parties have prudently determined that settlement at this juncture serves the interests of justice and provides meaningful compensation to the Estate while bringing this matter to a close.

30.     Plaintiff's counsel believes that this settlement is fair, reasonable, and its consummation is in the best interests of the Estate of Alan R. Thibodeau.

31.     Alan R. Thibodeau died intestate. Alan R. Thibodeau is survived by his adult son, Nikolas Alexandre Frye. Mr. Frye is a resident of Travis County, Texas. Mr. Frye is Alan R. Thibodeau's only living intestate heir. Mr. Frye is both the statutory heir to the wrongful death claim and the heir at law to the survival claim.

32.     Pursuant to a Disclaimer of Succession to Property executed on February 25, 2023, Mr. Frye freely and voluntarily disclaimed one-half (1/2) of the residual proceeds from any wrongful death action brought on behalf of his father's Estate to his grandmother, Flora Gemillan Thibodeau or the heirs of her Estate if she passed away prior to the distribution of any proceeds of such wrongful death action, in recognition of the efforts Flora Gemillan Thibodeau exercised toward

Alan R. Thibodeau during his lifetime. Flora Gemillan Thibodeau died after the execution of the Disclaimer of Succession. Flora Gemillan Thibodeau's estate has been devised to the Thibodeau Family Trust. The beneficiaries of the Thibodeau Family Trust are Flora Gemillan Thibodeau's three living adult sons, Petitioner Edwin L. Thibodeau, Larry D. Thibodeau, and John D. Thibodeau. Each living son has a 1/3 interest in the Thibodeau Family Trust.

33. Pursuant to the directive filed by Nikolas Alexandre Frye in the Probate Court for Prince William County, Virginia, Mr. Frye requests that one half of the wrongful death proceeds be disbursed directly to him and that one half of the wrongful death proceeds be disbursed to the Thibodeau Family Trust. Mr. Frye intends to appear at the settlement approval hearing to personally confirm his continued election to effectuate this distribution in accordance with his prior Disclaimer as noted in his attached affidavit. (Ex 2 – Affidavit of Nikolas Frye).

34. Petitioner affirms that there are no known, anticipated, or potential disputes as to the distribution of proceeds or approval of the settlement.

35. The Petitioner requests that the Court approve the disbursements (attorneys' fees, litigation costs, and subrogation liens) from the settlement sum and the disbursement of settlement proceeds as set forth on the Disbursement Statement under seal.

36. The Petitioner has carefully considered the facts and circumstances involved herein. The Petitioner realizes that he has a right to have his claims determined by a jury. The Petitioner has carefully considered the facts and circumstances involved herein and concludes that the settlement offer should be accepted; therefore, the Petitioner respectfully requests that this Court approve the settlement and empower the Petitioner as Personal Representative and Administrator of the Estate of Alan R. Thibodeau to execute such documents as may be necessary to effect a release of all Defendants as fully set forth in the release agreed upon between counsel for the parties.

WHEREFORE, the Petitioner respectfully requests that the settlement outlined above be approved and requests that he be allowed to approve and consummate the settlement of this case. The Petitioner would further show and will verify under oath at the hearing to be scheduled in this matter the belief that the settlement is reasonable under the circumstances, that he is completely satisfied with the handling of the case by his attorneys, as well as their fees and expenses and would further request that the Court approve this settlement and distribution of funds as set forth in the Disbursement Statement signed and approved by the Petitioner.

Respectfully Submitted,

_____
Edwin Thibodeau

SWORN TO BEFORE ME
This 5th day of November 2025

_____
Notary Public for the Commonwealth of Virgina
My Commission Expires 12/31/2025

```
SARA WRAY HANIFORD
Notary Public
Commonwealth of Virginia
Registration No. 7947704
My Commission Expires Dec 31, 2025
```

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **Edwin Thibodeau, as Personal Representative of the Estate of Alan R. Thibodeau,** ) ) ) ) ) **Plaintiff,** ) ) v. ) ) **Bamberg County, South Carolina; Southern Health Partners, Inc.; Geri Gillespie, LPN, in her individual capacity; Robert J. Williams, MD; Karen Hughes, LPN, in her individual capacity; Officer Billy Ray Coggins, in his individual capacity; Lt. Ashley Woods, in her individual capacity; Cpl. Patrice Hatton, in her individual capacity; Cpt. Latarcha Wilson, in her individual capacity; Officer KeShell Deloach, in her individual capacity; Sgt. Roy Brooks, in his individual capacity; and Officer Alfonso Ross, in his individual capacity;** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Defendants.** ) ) | **Case No.: 8:23-cv-06605-WSB** **PETITIONER'S VERIFICATION** |

Personally appeared before me, the undersigned Edwin Thibodeau, who, after being duly sworn, deposes and states that I am the Plaintiff/Petitioner in this action, I have read the foregoing Petition for Approval of Settlement, and that all matters contained therein are true to the best of my own knowledge, except those stated on information and belief and, as to those matters, I believe them to be true.

[*signature of affiant on following page*]

10

_____
Edwin Thibodeau

SWORN TO BEFORE ME
This 5th day of November, 2025

_____
Notary Public for the Commonwealth of Virgina
My Commission Expires 12/31/2025

SARA WRAY HANIFORD
Notary Public
Commonwealth of Virginia
Registration No. 7947704
My Commission Expires Dec 31, 2025

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| **Edwin Thibodeau, as Personal Representative of the Estate of Alan R. Thibodeau,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Bamberg County, South Carolina; Southern Health Partners, Inc.; Geri Gillespie, LPN, in her individual capacity; Robert J. Williams, MD; Karen Hughes, LPN, in her individual capacity; Officer Billy Ray Coggins, in his individual capacity; Lt. Ashley Woods, in her individual capacity; Cpl. Patrice Hatton, in her individual capacity; Cpt. Latarcha Wilson, in her individual capacity; Officer KeShell Deloach, in her individual capacity; Sgt. Roy Brooks, in his individual capacity; and Officer Alfonso Ross, in his individual capacity;** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | **Case No.: 8:23-cv-06605-WSB**<br><br>**DECLARATION OF COUNSEL** |

Counsel for the Plaintiff hereby affirms agreement with the contents of this Petition and joins in the request that the settlement be approved as set forth in this Petition. Counsel for the Plaintiff also knows of no disputes as to settlement approval, distribution of proceeds, or of anyu competing claims.

Respectfully Submitted,

*s/ Scott C. Evans*
Scott C. Evans, Fed. ID #10874
James B. Moore III, Fed. ID #10844
George W. Bryan III, Fed. ID # 13442
Evans Moore, LLC
121 Screven Street
Georgetown, SC 29440

                                                 (843) 995-5000
                                                 (843) 527-4128 Facsimile

                                               Attorneys for the Plaintiff

November 11, 2025
Georgetown, South Carolina